## WHITE v. WHITE et al. (No. 3654.)

Court of Civil Appeals of Texas. Texarkana. March 20, 1929.

Rehearing Denied March 28, 1929.

Beauchamp & Lawrence, of Paris, and Couch & Couch, of Bonham, for appellant.

Cantey, Hangar & McMahon, of Fort Worth, and Cunningham & Lipscomb, of Bonham, for appellees.

LEVY, J. (after stating the facts as above).
[1, 2] The points presented for decision are dependent upon whether the trustees appointed by the will are removable upon the grounds alleged, and whether the evidence established an issue of fact that should have been passed to the jury for decision. The will in evidence devised all the property of the testator to his daughter, the appellant, upon the conditions and limitations prescribed therein. She was to take the property when she became 25 years old, upon the contingency that her mother be not living at that time. If the daughter became a married woman at the time or after she reached the age of 25 years, then by the terms of the will the fact of her mother's being alive was rendered inoperative as a limitation upon the taking of the property. The will then proceeds to make the property devised trust property as far as regards the present interest in fee and the handling over of the property during the contingencies prescribed, to become effective at the death of the testator and the probate of the will. There was no personal devise and trust to the trustees by name as such, specifying the mode of carrying out the trust. It was expressly provided, viz.:

"I will, devise and bequeath all of the property and estate of which I may die seized and possessed to my trustees hereinafter named, to be held, owned and controlled by them in trust for the maintenance and education of my said daughter Mary Alice White, and for the purpose of carrying out the provisions of this will; and the income from my said estate shall be applied by my said trustees to the education and maintenance of my daughter and her children, if any, until that time when under the terms of this will the estate hereby bequeathed becomes vested absolutely in the beneficiary or beneficiaries herein named, according to the terms hereof."

The primary object of the trust was to hold the corpus of the property, receive its rents and profits, or make it produce revenue, and

apply such income to the maintenance and education of the daughter pending the limitation and contingencies upon which she was to take and hold the property. Having the power to make a disposition of his property by will, as the testator did no legal objection exists to the bequests to the trustees named as such upon trust for the beneficiary or beneficiaries named. Although the testator appointed the same persons as independent executors and as trustees, yet the office of executor is separate from and independent of the office of trustee, and so defined as if different persons had been appointed to such offices. The official and executorial duty rested upon the executors to probate the will, and they became the sole legal representatives of the testator in all suits and other legal requirements. The probate of the will validates the trust, and the trustees accept the trust merely by assenting to the will. In proceeding to perform the trust imposed by the will, the parties named as trustees were to hold the estate in their capacity as trustees, and not as the personal representatives of the estate of the testator. The carrying out of the trust was a personal trust only, and no official or executorial duty was imposed upon them.

In view of the terms of the will and the declaration of trust therein there arises to the beneficiary such right or interest as to legally entitle her to enforce the performance and carrying out of the trust by the trustees. Her remedy in such respects is dependent upon the peculiar facts arising in each particular case. In intrusting the property to the care of the parties named as trustees, the testator manifestly reposed confidence in the discretion and integrity of such particular persons. It is clear that such testamentary trustees should not be removed and other persons substituted in their stead, unless in consequence of a statutory provision or of such good cause as requires a court of equity to intervene to prevent the trust being in danger of injury and loss by their continuance as trustees. There is distinguishment between such proceeding in reference to a testamentary trustee and proceedings for removal of a trustee in ordinary trusts. At all events, the causes for removal should extend to express abandonment of the trust, or personal disability on the part of the trustees to execute the office. 39 Cyc. p. 262. The causes which afford ground for removal are not in parity with causes which, through want of good faith and due diligence, merely make the trustees personally responsible for the losses which may be sustained by the property intrusted to them. The law requires from trustees good faith and due diligence, the want of which is punished by ordering them to make up the loss out of their own estates. For devastavit by maladministration or neglect, the remedy is through proceedings as for accounting. 39 Cyc. pp. 464-480.

In the present proceeding the primary object was the removal of the surviving trustee as such and the appointment of another in his stead. The several grounds relied on as equitable grounds for so doing may be considered separately. According to the evidence of appellant there was unfriendly feeling existing between the trustee and her mother and herself. This was denied by the trustee, especially so as concerns the appellant. In this case the duties of the trust are merely ministerial and formal, and no personal relation between the trustee and the beneficiary is necessary. The management and control of the property in no wise involved close personal relation between the parties. The management and control and possession of the property, and the farming of the property for rent and income, was solely and exclusively in the hands of the trustees. In no way is it made to appear that the unfriendly feeling, if existing, in any way affected the integrity and discretion of the trustee in carrying out the trust. The appellant's allowance for education and maintenance was regularly and fully paid to her, and this she admits. In some special cases, under facts peculiar to such cases, unfriendly feelings, amounting to inharmonious and antagonistic relations, between the trustee and the cestui que trust have been deemed sufficient reasons for removal of the trust. 39 Cyc. 263. But the sound rule is, and applicable to this suit, that a trustee may not be removed merely because of ill will, where it is not inconsistent with the faithful performance of the duties of the office or to the special interest of the beneficiary.

It was claimed, as a further ground, that the surviving trustee had abandoned his trust and delegated the powers conferred upon him to others. Mr. McMahon moved from Bonham to Fort Worth; but according to his evidence, which is undisputed, he still advised with his cotrustees in their lifetime, all the time in the management of the property and in the farming operations, and at times made personal visits of inspection of the property. There is no substantial issue raised that he did not do so. The trustee affirmatively stated that he had not abandoned or given up the office of trustee, and the evidence goes to conclusively establish that fact. Certainly he knew his intention in that respect. Mere removal from one city to another 116 miles distant does not of itself constitute abandonment of the office. He was not required to personally remain on the farm to direct the farming operations, and it was permissible for him to have it done by his cotrustee; he advising in respect thereto. According to the evidence Mr. Campbell was employed by the trustees to do only personal service in looking after the farming operations. Such employment was permissible, in the discretion of the trustees, and it did not

legally operate as a delegation of the powers of the office of trustee or of authority over the trust.

■ There is considerable evidence bearing upon the allegation of mismanagement or misconduct in execution of the trust. The auditor's report was in evidence, and certain items of disbursement were offered to be shown as improvident, and not payable at all out of the trust fund, and unreasonable. At most the evidence merely raises the issue of whether or not such expenditures were necessary, proper, and reasonable for the purposes made, and in furtherance of the execution of the trust and the prudent management of the property. There is no pretense in the evidence that the trustees, or either of them, converted any part of the corpus or income, or acted corruptly or dishonestly in any respect in the management of the property or income. Such evidence would not be ground for removal of the trustees, although it may be ground for remedy of accounting in a direct and timely proceeding for that purpose. It is believed, therefore, that the trial court correctly held that equitable grounds for removal of the trustee were not established, considering the grounds singly or all together.

■ The further ground of relief asked for by appellant was to have the trustees "to restore to her estate any amount that may be found to be owing to her." Such character of relief is upon the remedy of accounting, the final object of which is the recovery of money. There is no statutory provision requiring that trustees shall file their account at stated intervals. There is no provision in the will creating the trust fixing any specified time or times for filing or presenting by the trustees of their account. While it is the duty of trustees to at all times have their accounts ready for inspection and examination, they are not obliged to prepare copies of the accounts for the parties interested. They are not obliged to make an accounting, unless the instrument so provides, until the trust is finally determined. The petition does not claim, nor does the evidence show, any unpaid allowance to appellant for support and education. Therefore the court was authorized to conclude that the appellant was not presently entitled to have compulsory accounting by the trustees. By the terms of the trust the trustees are entitled to hold the property and the unconsumed income until the trust terminates. The appellant's remedy of accounting is available at the time when she takes the property upon the passing of the contingencies prescribed by the will. The surviving trustee has the right under the trust to hold all the property until the appellant becomes the absolute taker under the will. He is the one, in the circumstances, who must finally account to the appellant, upon her becoming the absolute taker of the property, for all the property and the funds that have come into the trust. If the trustee White or Fuller, or either of them, in their lifetime became personally liable to the trust in virtue of wrongful or improper disbursements of income, the surviving trustee may call upon the estate of such other trustee to account in a proper case; otherwise, he may be held to account for such sums. The appellant is not presently the party to do so. And if it should be assumed that the appellant was entitled to the precise relief sought to a partial extent, the court did not err in denying the relief.

Upon an application for account the only question to be considered is whether the account as rendered shall be taken. Matters which are properly for consideration and to be inquired into are the items thereof to which exceptions have been taken. The items objected to constitute the issues to be tried. The auditor's report, which operated to be the account involved in the present case, was not objected to, so far as the record shows. The statute requires the auditor's report, when made the basis of accounting, to be excepted to in respect to the items of objection. Article 2292, R. S.

The judgment is affirmed.

## On Rehearing.

■ Since the rendition of the opinion the appellant seeks by certiorari to include in the transcript exceptions filed in the trial court to the auditor's report. It is the general rule that corrections of the transcript cannot be made under the rules after decision of the case on appeal. Mansfield v. Investment Co. (Tex. Civ. App.) 263 S. W. 658; Woolley v. Nelson (Tex. Civ. App.) 250 S. W. 481. But, treating the exceptions as a part of the record, as we now do, such exceptions so made can serve the purpose only of constituting the items objected to in the issues to be tried in the matter of general accounting. For the reasons stated in the original opinion, the trial court was authorized to conclude that appellant, not now an absolute taker of the property under the will, was not presently entitled to have compulsory general accounting by the trustees. The record affords no ground for the appellate court to overturn that conclusion.