## WHITE v. WHITE et al.
### No. 1357—5477.

Commission of Appeals of Texas, Section A.
March 26, 1930.

Beauchamp & Lawrence, of Paris, and Couch & Couch, of Bonham, for plaintiff in error.

Cantey, Hanger & McMahon, of Fort Worth, and Cunningham & Lipscomb, of Bonham, for defendants in error.

CRITZ, J.

This suit was filed in the district court of Fannin county, Tex., by Mary Alice White, against L. C. White and Mark McMahon, as surviving trustees under the will of her deceased father, P. H. White. The will in question, omitting formal parts, reads as follows:

"2. I will, devise and bequeath all the property and estate of which I may die seized and possessed of my daughter, Mary Alice White, subject to the conditions and limitations expressed in this will.

"3. I will, devise and bequeath all of the property and estate of which I may die seized and possessed to my trustees hereinafter named, to be held, owned and controlled by them in trust for the maintenance and education of my said daughter, Mary Alice White, and for the further purpose of carrying out the provisions of this will; and the income from my said estate shall be applied by my said trustees to the education and maintenance of my said daughter, and her children, if any, until that time, when under the terms of this will, the estate hereby bequeathed becomes vested absolutely in the beneficiary or beneficiaries herein named, according to the terms hereof.

"4. When my said daughter, Mary Alice White, arrives at the age of twenty-five years, then, if her mother, Nannie A. White, be not living, or, if said Mary Alice White, after she arrives at the age of twenty-five years, be, or become a married woman, or, if the said Nannie A. White shall die after said Mary Alice White becomes twenty-five years of age, then, the estate of which I shall die seized and possessed shall become the absolute property of and the title thereto shall vest in my said daughter, Mary Alice White, and the same shall be delivered to her by said trustees, but until she becomes entitled to the possession of my estate according to the provisions of this will, she shall have no power or authority to in any way dispose or incumber any part of my said estate, or the income of any part of same, nor shall any part of such estate, nor any part of the income thereof be liable for any of the debts or liabilities of herself or her husband.

"5. Should my said daughter die before the estate herein bequeathed to her is deliverable to her according to the terms hereof, and should leave surviving her a child or children born to her, then, in that event, I will, devise and bequeath to such child or children all of the estate of which I may die seized and possessed. If she should leave surviving her more than one child, then it is my will that all of such children shall share the estate herein bequeathed, equally.

"6. Should my said daughter, Mary Alice White, die before the estate herein bequeathed to her is deliverable to her according to the terms of this will, and should she die without leaving any child born to her surviving her, then it is my will, and I hereby devise and bequeath all of the property and estate of which I may die seized and possessed, to be shared equally among them, share and share alike, to Gordon White, Bertine White, Kennon White, Curtis White and Nina White.

"7. I appoint L. C. White, G. W. Fuller and Mark McMahon, all of Bonham, Texas, executors of this will, and direct that no·bond be required of them as such executors. I also appoint said L. C. White, G. W. Fuller and. Mark McMahon as my trustees and trustees of my estate, and it is to them that I refer when the words 'my trustees' or 'trustees' are used in this will.

"In case of death, inability or refusal to act upon the part of either of said L. C. White, G. W. Fuller or ·Mark McMahon, either before ·or after his acceptance of the trust as executor or trustee, then the other or others so ·qualifying and acting or continuing to act shall have all the power herein vested in all ·of them. And I appoint·them, or such of them as qualify and act, guardian of the person and estate of my said daughter, during her minority, without bond.

"8. I direct that no other action shall be had in the county court in relation to the settlement of my estate than the probating and recording of this will and the return of an inventory, appraisement and list of claims of my estate.

"Witness my hand at Bonham, Texas, this the 5th day of April, A. D. 1911."

An examination of the above will discloses that it creates a trust in favor of ·Mary Alice White. The instant action is for an accounting, the removal of the trustees, and to have the district court appoint their successors.

Originally the will named three trustees, L. C. White, G. W. Fuller, and Mark McMahon. G. W. Fuller died before the commencement of the suit. L. C. White died while the suit was pending, but before it was tried. Therefore Mark McMahon was the only surviving trustee at the time of trial.

. Trial was had in the district court with a jury, but at the close of the testimony the court peremptorily instructed a verdict for the trustee, both as regards to the action for removal and the action for an accounting. Judgment was entered accordingly. Mary Alice White appealed to the Court of Civil Appeals for the Sixth district at Texarkana, which court in all things affirmed the judgment of the trial court. 15 S.W.(2d) 1090. The case is now before the Supreme Court on writ of error granted on application of Mary Alice White.

. We shall hereafter refer ·to the parties in the order in which they appeared in the district court, and in which they now appear, to Mary Alice White, as plaintiff, and Mark McMahon, the only surviving trustee, as defendant.

: As we understand the opinion of the Court ·of Civil Appeals, it holds, in effect, that no grounds were shown for the removal of the surviving trustee, and that the beneficiary of the trust created by the above will, plaintiff herein, has no ·right to maintain a suit for an accounting until the contingencies on which she is to take the property have occurred, and that she, not being the absolute taker of the property under this will at this time, is not now entitled to a general accounting.

The Supreme Court granted the writ, on the application of the plaintiff, with the following notation upon its docket: "Granted. We believe that Mary Alice White had the right to maintain a suit·for an accounting, and if necessary, removal."

■ We are in full accord with the above notation, and hold that it states the law of the case. In other words, the will, by its terms, vests the plaintiff with a present valuable interest in the estate, and this gives her the right to maintain a suit to preserve its integrity. 39 Cyc. 464–466. The will expressly states, in effect, that the estate is devised to the trustees for the maintenance and education of .the plaintiff and her children, if any. This provision which gives her the right to use the income of the estate for the purposes stated vests her with a present valuable interest, and is sufficient to confer upon her the right, upon a proper showing, to demand an accounting.

■ We are further of the opinion that, even if she could not take anything under the will until she attains the age of twenty-five years, still a vested right in such a contingency would operate to confer upon her such a title and interest as to enable her to prosecute an action to preserve the integrity of the estate, and such an action might include a general accounting. 39 Cyc. 267, par. (d). In other words, we hold that the beneficiary of a trust such as this has the right at all times to prevent the dissipation of the estate.

Of course, we do not intend to hold that any of the trustees in the instant case have illegally dissipated any part of this estate. In fact, we are of the view that the record is to the contrary. Wnat we hold is that, if it could be proved that they were doing so, the beneficiary in the trust does not have to wait until the trust is ended to take steps to protect her interests and preserve the estate.

Notwithstanding the above holding, it is now made to appear that, since this case was tried in the district court and decided by the Court of Civil Appeals, Mark McMahon, the sole surviving trustee under the will of P. H. White, deceased, has resigned to the district court of Fannin county, Tex., and that said court has duly and legally acted upon said resignation and entered the following judgment:

"Saturday, July 20th, 1929. On this day came on for consideration the petition and application of Mark McMahon to resign as trustee of the P. H. White Estate. And it appears to the court that notice of such hearing was duly served on Mary Alice White, and

that Mary Alice White appeared in person and by attorney at the hearing of said petition. The court, after hearing the pleadings and the evidence and after taking the matter under advisement until the 30th day of July, 1929, is of the opinion and finds that the resignation of Mark McMahon ought to be accepted, and that other trustees for the Estate of P. H. White, deceased, should be appointed, and that the audit, statement and inventory presented by said Mark McMahon at said hearing should be approved.

"It is therefore ordered, adjudged and decreed by the court that the resignation of Mark McMahon as Trustee of the P. H. White Estate be and the same is here accepted; upon his delivering the trust estate to his successors now appointed; that O. L. Couch, Gordon Dunn and C. A. Gray be and they are hereby appointed, subject to their qualification as such trustees as hereinafter provided for, trustees of the estate of P. H. White, deceased, with such powers and duties as said P. H. White provided for his trustees in his will which has been duly probated in Fannin County, Texas; that said trustees appointed hereinbefore act and perform the duties of trustee, shall qualify by executing and filing with the clerk of this court their joint and several bond in the sum of Eighteen Thousand Dollars, conditioned that they will faithfully perform all the duties required of them as such trustees, said bond to be executed by an authorized surety company as surety thereon; that Ed McMahon, Auditor, be and he is hereby allowed the sum of $600.00 for his services as auditor herein, said allowance to be taxed as costs in this suit; that the audit, statement and inventory presented by said Mark McMahon in his application to resign and filed in this court on July 13, 1929, be and the same is hereby approved, and it is here adjudicated that all receipts covered by said audit, statement and inventory are properly accounted for and that all expenditures, as shown by said audit, statement and inventory, were properly and legally made.

"It is further ordered, adjudged and decreed by the court that said Mark McMahon as trustee and the said O. C. Couch, Gordon Dunn and C. A. Gray as trustees pay out of the assets belonging to the P. H. White Estate the cost of this suit and in the suit of Mary Alice White -vs- L. C. White, et al, No. 10765 in the District Court of Fannin County, Texas, said cause having been appealed to the Court of Civil Appeals of the Sixth Supreme Judicial District of Texas, and now pending on an application for writ of error in the Supreme Court of Texas. It is ordered that execution may issue to enforce the payments of said court costs."

The plaintiff has not questioned the authenticity of the above judgment, or the correctness of any statement, finding, or adjudication therein. In fact, the matter of this resignation and the matters contained in the judgment are not called in question in this court in any particular.

■■ It therefore appears that all questions involved in this litigation have now become moot. This court will not continue litigation for the purpose of adjudicating costs alone. Watkins v. Huff, 94 Tex. 631, 64 S. W. 682; Hammonds v. Ward (Tex. Com. App.) 213 S. W. 334, and authorities there cited. Furthermore, an examination of the above judgment shows that Mary Alice White was duly served and appeared in person and by attorney when the cause was heard and judgment entered, and has not appealed therefrom. The judgment above referred to orders the new trustees to pay the costs of this suit, and Mary Alice White, under such a record, is in the position of having consented thereto. While the district court of Fannin county could not adjudicate the costs in this court, we see no injustice in carrying out the judgment of the district court by judgment in this court under the circumstances.

We therefore recommend that this cause be dismissed, and that Mark McMahon, as trustee, and his successors, shall pay the costs of this proceeding in all courts out of the funds of the estate.

CURETON, C. J.

Cause dismissed and costs taxed as recommended by the Commission of Appeals.