**ALSOP et al. v. GARD et al.**

**No. 12162.**

Court of Civil Appeals of Texas. Galveston.

Feb. 2, 1950.

Rehearing Denied Feb. 23, 1950.

Armstrong, Barker & Bedford, Galveston, for appellant.

Williams & Thornton, Galveston, for appellee First Nat. Bank Building.

Markwell & Stubbs, Galveston, for appellee Building Committee and Trustees and Intervenors.

GRAVES, Justice.

This is an action brought by plaintiffs (appellants), (a) to declare the invalidity of, and secure cancellation of, a trust-instrument and conveyance to The First National Bank of Galveston, hereinafter referred to as Trust-Deed, executed pursuant to a resolution adopted by the Galveston Labor Council, on the ground, among others alleged, that certain provisions of the Trust-Deed were in excess of the authority granted "the committee" designated to prepare and execute the same, and to repossess the property conveyed; (b) for reformation of such Trust-Deed to conform to the authority granted under the "resolution" of the Galveston Labor Council; and (c) to declare the rights of the parties under the Trust-Deed.

Defendants (appellees), except defendant, The First National Bank of Galveston, by their first amended original answer, countered with a plea in abatement to the action of intervenors allied with plaintiffs, which plea was overruled, and by general denial, along with affirmative allegations in support of the validity of the Trust-Deed and the provisions thereof.

Certain Labor unions, having membership in the Galveston Labor Council, intervened in support of the position of defendants.

The defendant, The First National Bank of Galveston, filed its answer in the trial court, and thus—by brief on appeal—states its position: " * * * all that is shown herein concerning the attitude of this appellee in this litigation is its desire to take such action concerning the trust under attack as the courts may decide that it should take, and to be protected by the courts' judgment. There is nothing in the record, we urge, to indicate that this appellee is attempting, or desires, to abandon the trust if the courts uphold it. With the parties having the real and beneficial interest in the trust property before the court, this Appellee simply stands as one in possession of that property, awaiting the determination by the courts as to what it must do with reference to it. It, of course, disclaims any interest in the property in itself, adverse to the beneficial owners of it."

A trial of the case before the court below, without a jury, resulted in a judgment that plaintiffs (and intervenors allied with them) take nothing.

The trial court supported its judgment with findings of fact and law, which, because of their clearness, and the rather unusual character of the litigation, are copied in full, made a part hereof, and appended hereto as Exhibit A.

In protest here against the determination so adverse to them below, appellants press 16 points of error.

Of these, numbers 1 to 3, inclusive, and number 16, assert the Trust-Deed to have been invalid, or, in the alternative, subject to reformation, for a number of reasons, which may be thus very briefly summarized:

The Committee designated to draft and execute it, without authority, provided it could not be changed during the entire 20-year term of its life; that such Committee should have exclusive power to appoint and discharge the sub-committee des-ignated, "Galveston Labor Council Building Custodians", with authority to lease rooms in the Labor Temple, under the Bank's supervision, collect rents, etc.; to receive written reports from the Trustee Bank, to fill vacancies in their own ranks, without the consent of the Labor Council, etc.; and, because the Labor Council could not, by resolution, bind the labor unions, who contributed to the purchase of the Labor Temple, to the Trust Deed, since they had not joined in or authorized it.

The 4th to 7th points, inclusive, attack the trial court's findings of fact Nos. 5, 6, 11 and 14, as so quoted in Exhibit A hereto, because, it is alleged as to each, "said finding is without support in the evidence, and is contrary to the uncontroverted evidence."

Likewise, appellants' further points from 8 to 15, inclusive, in similar manner, successively challenge each of the trial court's conclusions of law, as so quoted in Exhibit A, Nos. 3, 5, 6, 7 and 8, "because said conclusion is without support in the evidence, and contrary to the uncontroverted evidence."

Such final point of error, No. 16, so digested above, was in haec verba, this: "The trial court committed reversible error in rendering judgment that appellants, and particularly the intervenors, take nothing and in refusing to cancel said Deed and recover possession from defendants as prayed for, because the Labor Council could not by resolution legally bind the affiliated labor unions who contributed to the purchase of the Labor Temple in authorizing a conveyance thereof, the uncontroverted evidence showing that said unions were joint owners with the Galveston Labor Council of said Labor Temple and that they did not join in the trust conveyance or authorize the execution thereof."

In limine, it should be pointed out that the third one of appellants' first three points of error claiming the invalidity of the Trust Deed for as many or more assigned reasons must fall, because it is based alone upon the unsupported assertion that the Trustee, The First National Bank of

Galveston, "has disclaimed any interest in the property, or in the issue of the controversy, and there being no other defendant in a legal position to resist the action of plaintiffs and allied intervenors."

This for the compelling reason that the position of the Bank, as stated by itself on this appeal, and quoted verbatim on preceding pages 1 and 2 hereof, 227 S.W.2d 324, shows the contrary.

Neither, it is determined, was such trust invalid, for any of the reasons so stated in the first two points of error asserting its invalidity upon the different claims therein made; this, for the reasons thus in substance set out in the brief for the appellees herein:

"(a) The Labor Council, as the sole beneficiary under the original trust whose interest was affected, had the right, with the concurrence of the Building Committee and Trustees, to put their interest in a temporary trust for management and safekeeping;

"(b) The Labor Council validly exercised this right, in conformity with its constitution, by adopting the constitutional amendment of December 27, 1948;

"(c) The Building Committee and Trustees, in conformity with said constitutional amendment, validly carried the proposed trust into execution by making the Trust Deed to the Bank on December 29, 1948;

"(d) The administrative details complained of in Appellants' First Point are reasonable provisions, appropriate to the authorized purpose of the trust, impair no right of property, and are valid."

These authorities, it is thought, support that answering position: Bogert, Trusts and Trustees, Vol. 3, Sec. 561 at page 491; Bogert, Trusts and Trustees, Vol. 3, Sec. 556, at pages 459, 460; White v. White, Tex.Civ.App., 15 S.W.2d 1090, Id., Tex.Com.App., 25 S.W.2d 826; Restatement of the Law of Agency, Sec. 78; Restatement of the Law of Trust, Sec. 17, page 67; Restatement of the Law of Trust, Sec. 83, pages 239-240; Restatement of the Law of Trust, Sec. 84, page 241; Restatement of the Law of Trust, Sec. 171, comments f & g.

In the first place, as is self-evident from its face, the trust was a temporary one, running for only 20 years, hence no question of perpetuity was involved, nor that the Labor Council itself would not continue to exist for at least that length of time; hence, it is apparently borrowing trouble far in advance to assume, as the appellants apparently do, that the various local unions, which contributed to the Temple Building Fund, stood in any discernible danger of losing their ultimate beneficial interests therein.

As the cited authorities, without specifically quoting them, clearly hold, the appellants in these stated contentions have pointed out nothing in the law of Texas, nor in the Constitution of the Galveston Labor Council, nor in the original trust-document itself, that prevented the Labor Council and the Building Committee, by common consent, from making such a temporary transfer in trust, for the interests of all, including the Labor Council and the contributing unions, affecting equitable interests. See Restatement of Trusts, Sec. 17, at page 67, and Sec. 84, at page 241.

Indeed, appellants appear to be under a misapprehension as to the legal effect of the trust instrument itself, and of the complained-of powers reserved to the appellees under it. It is true that the right is therein reserved to, or created for, the appellees to make the appointment of the custodians of the Temple Building, but, in that connection, there is no right to manage or control the property conferred upon the Building Committee; because, under the express provisions of the instrument, the custodians as to their every act are subject expressly to the approval of the Bank, as Trustee; its provisions in that respect being these: "It shall be the duty of custodians, under the supervision and control of Trustee, to rent the respective facilities of the above described property at rentals and upon terms approved by Trustee from time to time, and to collect and account to, and pay over to, Trustee all rents and income from such facilities, at least every two weeks, and to render to Trustee, at least once each month, com-

plete and itemized written statements and accounts of all money collected from such sources, in such form as Trustee may prescribe."

As presaged in the foregoing, the groups of appellants' assignments attacking the stated numbers of the trial court's findings of both fact and law, on the alleged grounds that they were without support in the evidence, and contrary to the uncontradicted evidence, are each and all overruled, since this court not only can find no fault with any of the copied-findings of either sort as lacking such support, but, further, approves them all as its own.

It would be supererogatory to undertake a restatement, or resume, of the evidence thus held to have supported each and all of such findings, wherefore, that will not be attempted.

These conclusions require an affirmance of the appealed-from judgment. It will be so ordered.

Affirmed.

### Exhibit A

### Findings of Fact

**1.**

This action is brought by Keith Alsop, H. C. Roche, G. W. Noble and Galveston Labor Council, as plaintiffs. The intervenors, Local Union #1002, Sign Writers and Pictorial Artists; Bakery and Confectionary Workers, Local Union #407; Brotherhood of Painters, Decorators and Paper Hangers of America, Local Union #585; United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada, Local Union #200; United Brotherhood of Carpenters and Joiners of America, Local Union #526; Journeymen Barbers, International Union of America, Local Union #100; International Longshoremen's Association, Local Union #307; International Longshoremen's Association, Local Union #329; and the Seafarers' International Union of North America, Galveston Branch, align themselves with plaintiffs.

The defendants are William Lee Gard, B. A. Gritta, F. W. Bavoux, E. R. Rayner, A. J. Anderson, William Sinnott, W. N. Newman, and The First National Bank of Galveston. The intervenors, Construction Marine Shipyard & Maintenance Laborers Local #116; General Drivers Local #940; International Brotherhood of Electrical Workers Local #527; Sheet Metal Workers Local #144; Ship Carpenters Local #1623; Galveston Typographical Union #28; Plasterers & Cement Finishers, Local #177, Bricklayers, Masons and Plasterers Union, Local #1; Galveston Stereotypers & Electrotypers Union #63; Taxi Drivers Local #858; Galveston Building & Construction Trades Council, Musicians Protective Association, Local #74; American Federal of Musicians, align themselves with the defendants.

At the commencement of the trial the intervention filed on behalf of the Brotherhood of Painters, Decorators & Paper Hangers of America, Local Union #585 (originally aligned with plaintiffs) was withdrawn and said intervenor was dismissed from the case.

**2.**

This is an action brought by plaintiffs to determine (a) whether or not, in December, 1948, a valid trust was created by the action taken by the Galveston Labor Council and its Building Committee and Trustees in entering into the Trust Deed and Agreement of December 29, 1948, attached to plaintiffs' petition and marked Exhibit "B", plaintiffs contending that such trust was null and void in toto; and, (b), in the alternative, for reformation on the ground that the portion of the trust relating to custody, control and management was null and void. These are plaintiffs' sole contentions, no contention being made that The First National Bank of Galveston, as Trustee, was guilty of misconduct in the manner of administering the trust under the Trust Agreement. The defendants contend that the Trust of December 29, 1948, is in all respects valid, and have not consented to its modification in any way.

**3.**

Galveston Labor Council is an unincorporated association composed of delegates

from various local trade and labor organizations. It is affiliated with the American Federation of Labor as a Local Central Body. The various member unions are also unincorporated associations affiliated with the A. F. of L.

### 4.

The real estate in controversy, known as the Galveston Labor Temple, was originally acquired by purchase from Adriance et al., by the deed of June 25, 1938 (Exhibit "A" attached to plaintiffs' petition), legal title being taken in the name of B. A. Gritta, D. A. Jung, W. P. Sinnott, F. W. Bavoux, O. C. Unbehagen and J. J. Rodgers as Building Committee and Trustees of the Galveston Labor Council and their successors in office.

### 5.

The above named Building Committee and Trustees were set up in 1937, prior to the purchase of the property, by the Galveston Labor Council as a permanent committee, vacancies on which arising by reason of death, failure to remain in good standing with their local unions, etc., were to be declared by the committee and were to be filled by the Galveston Labor Council with the approval of the said building committee. The Building Committee and Trustees were a separate and distinct body from the elective trustees elected annually by the Galveston Labor Council.

### 6.

The vendors' lien note and the deed of trust referred to in the deed of June 25, 1938, were duly executed by the legally constituted Building Committee and Trustees with the approval of the Galveston Labor Council. In 1939 additional money was borrowed from W. L. Moody & Company, Bankers, and the Building Committee and Trustees were authorized by the Galveston Labor Council to execute and deliver the necessary note and deed of trust, which they did. In 1940, the Building Committee and Trustees, with the Galveston Labor Council's approval, extended this indebtedness. The indebtedness on the Galveston Labor Council was finally paid off in 1946.

### 7.

The Galveston Labor Temple was completed in 1940 and has been and is being used as a labor temple, some of the space in the building being rented out to various labor organizations and others.

### 8.

The Galveston Labor Council, as the beneficiary or cestui que trust under the deed of June 25, 1938, and the Building Committee and Trustees, as Trustees, were in control of the Labor Temple Building until the Trust Deed and Trust Agreement of December 29, 1948, was entered into. The property has not been sold or destroyed and the Galveston Labor Council is still in existence.

### 9.

The Constitution and By-Laws of the Galveston Labor Council, prior to the constitutional amendment of December 27, 1948, were as set forth in the booklet in evidence. The constitutional requirement for amending the constitution was and is as follows:

"Article XVI

"Amendments

"Section 1. Any amendment or alteration to this constitution shall be tendered in writing, and shall have three readings at two consecutive regular meetings, and require a two-thirds majority of the delegates present and voting to carry the same."

### 10.

At the meeting of the Galveston Labor Council of December 13, 1948, the following resolution for amending the constitution was read for the first time, and at the meeting of December 27, 1948, was read for the second and third times, and came up for final passage. The resolution reads as follows:

"Be it resolved by the Galveston Labor Council of Galveston, Texas, in regular meeting assembled:

(1) That Section 8 of Article V, page 16, be deleted and that Article XII of the existing Constitution and By-Laws of the

Galveston Labor Council of Galveston, Texas, be, and the same is hereby amended so as to hereafter read as follows:

"The Galveston Labor Temple comprising the north half (N½) of Lots Thirteen (13) and Fourteen (14) in Block Six Hundred and Twenty-two (622) and the improvements thereon in the City of Galveston, Texas, shall be conveyed in trust for a period of not exceeding twenty (20) years to The First National Bank of Galveston, together with the money and securities now belonging to the Building Fund of the Galveston Labor Council of Galveston, Texas, to be held in trust and managed, controlled and administered for the use and benefit of the Galveston Labor Council and the Unions which contributed to the purchase and improvement of the Galveston Labor Temple, under such conditions, terms and provisions as the Building Committee and the Trustees of the Galveston Labor Council may approve, and embody in a deed of conveyance of such property in trust to The First National Bank of Galveston, which conveyance the members of such Committee are hereby authorized to execute for and on behalf of the Galveston Labor Council, and this amendment shall take effect upon its final adoption by the votes of a two-thirds (⅔) majority of the delegates present at a regular meeting, after three readings at two (2) consecutive regular meetings."

At the meeting of December 27, 1948, the Galveston Labor Council, by a vote of 87 in favor to 2 against, adopted the foregoing resolution and constitutional amendment; and the legally constituted Building Committee and Trustees (B. A. Gritta, D. A. Jung, William L. Gard, Frank W. Bayoux, E. R. Rayner and A. J. Anderson) were designated to convey the building and building fund in trust in accordance with the resolution.

11.

On December 29, 1948, the Building Committee and Trustees (all of whom, except D. A. Jung, are parties defendant), in accordance with the resolution adopted December 27, 1948, made, executed and delivered to The First National Bank of Galveston, as Trustee, the trust deed and trust agreement of December 29, 1948, which appears as Exhibit "B" attached to plaintiffs' petition, covering the Labor Temple and the money and securities in the building fund ($23,000.00 in money and $5,000.00 in "G" Bonds), all of which was delivered to The First National Bank of Galveston. The adoption of the resolution and the making and delivery of the Trust Deed and Agreement were legal, authorized, and free from fraud.

12.

At the meeting of January 10, 1949, the Galveston Labor Council, by a vote of 57 for and 43 against, voted "non-concurrence" in the minutes of the meeting of December 27, 1948.

13.

The Building Committee and Trustees designated W. N. Newman, William Lee Gard, and Frank W. Bavoux, as the Building Custodians under the Trust Agreement.

14.

The Trust Deed and Agreement of December 29, 1948, was not in violation of any obligation, or duty of the Galveston Labor Council and its Building Committee and Trustees, and was not in unlawful delegation of power, but is in full force and effect.

15.

Said Trust Deed and Agreement did not require the approval of the American Federation of Labor.

16.

Two Hundred Fifty ($250.00) Dollars is a reasonable fee for the attorneys for The First National Bank of Galveston and this fee has been agreed upon by all parties.

Conclusions of Law

1.

This is an action brought by plaintiffs to determine (a) whether or not, in December, 1948, a valid trust was created by the action taken by the Galveston Labor Council and its Building Committee and

Trustees in entering into the Trust Deed and Agreement of December 29, 1948, attached to plaintiffs' petition and marked Exhibit "B", plaintiffs contending that such trust was null and void in toto; and, (b), in the alternative, for reformation on the ground that the portion of the trust relating to custody, control and management was null and void. These are plaintiffs' sole contentions, no contention being made that The First National Bank of Galveston, as Trustee, was guilty of misconduct in the manner of administering the trust under the Trust Agreement. The defendants contend that the Trust of December 29, 1948, is in all respects valid, and have not consented to its modification in any way.

## 2.

The Galveston Labor Council, as the beneficiary or cestui que trust under the deed of June 25, 1938, and the Building Committee and Trustees, as Trustees, were legally in control of the Labor Temple Building until the Trust Deed and Trust Agreement of December 29, 1948, was entered into.

## 3.

As a matter of law under the original trust deed of June 25, 1938, there was nothing to prevent the cestui que trust, the Galveston Labor Council, with the consent of the Building Committee and Trustees, from entering into the Trust Deed and Trust Agreement of December 29, 1948.

## 4.

The Resolution adopted December 27, 1948, amending the Labor Council Constitution, was legally adopted in accordance with the constitution of the Labor Council, and became effective immediately.

## 5.

Defendants B. A. Gritta, Frank W. Bavoux, William Lee Gard, A. J. Anderson, and E. R. Rayner (together with D. A. Jung, who is not a party to this cause), the legally constituted Building Committee and Trustees, acting pursuant to the Resolution of December 27, 1948, were authorized to enter into the Trust Deed and Trust Agreement of December 29, 1948, which they legally did by executing and delivering said document on December 29, 1948, and delivering the property, cash and bonds covered thereby. Such new trust of December 29, 1948, was legally created and was free from fraud. It does not impair nor affect the rights of the various locals which contributed to the Labor Temple Building Fund and did not require their consent. It is neither void nor voidable.

## 6.

The Trust Deed and Agreement with The First National Bank of Galveston took legal effect on December 29, 1948; the said Bank, since that date, has been and is legally and properly acting as Trustee in conformity with the terms thereof; and the defendants Gritta, Bavoux, Gard, Rayner, Anderson and Sinnott are the legally constituted "Building Committee and Trustees" under said Trust, and are subject to the Bank's supervision as set forth therein; and said Trust Deed and Agreement of December 29, 1948, was and is in all respects legal and is not subject to the attacks made on it by the plaintiffs and intervenors aligned with plaintiffs.

## 7.

The Trust of December 29, 1948, having been validly created, the validity and existence thereof were not affected by the subsequent actions of the Galveston Labor Council in disapproving thereof; and such subsequent disapproval or non-concurrence were without legal effect

## 8.

I conclude that the Trust of December 29, 1948, is in all respects legal.

## 9.

I further conclude that The First National Bank of Galveston, as Trustee, is entitled to a $250.00 attorney's fee.