**In the Interest of M. S. B., D. G. B. and K. R. B., Minor Children.**

No. 16478.

Court of Civil Appeals of Texas, San Antonio.

Dec. 31, 1980.

Rehearing Denied Feb. 5, 1981.

James R. Bass, John G. McGarr, Jr., San Antonio, for appellant.

R. Laurence Macon, Diann Bartek, Cox & Smith, San Antonio, for appellee.

OPINION

CADENA, Chief Justice.

This case involves the power of a Texas court to entertain a suit filed by the mother of minor children to terminate the parental rights of the nonresident father when the mother and children are residents of the State of Texas.

The father and mother were divorced in 1970 by decree of the Circuit Court of Raleigh County, West Virginia, and, under such decree, the mother was appointed managing conservator of the children and the father was ordered to make child support payments in the sum of $60.00 per month per child. In February, 1977, the West Virginia court entered an order modifying the father's visitation rights. The mother, with the children, moved to Texas on or about March 1, 1977, and have been residents of Texas since that date.

On August 22, 1978, the mother filed suit in a district court of Bexar County, Texas, seeking to modify the 1970 West Virginia decree by increasing the amount of support payments required of the father. A West Virginia sheriff "served" the father by attaching a copy of the summons to the door of the father's residence. The father made no appearance in this case and the Texas court entered an order modifying the West Virginia decree by increasing the child support payments to $450.00 per month for the three children.

On August 22, 1979, the mother, who had remarried, instituted proceedings in the Texas court to terminate the parental rights of the father and to effectuate the adoption of the children by the mother's second husband. The father timely filed a special appearance objecting to the jurisdiction of the Texas court. No question is raised concerning the sufficiency of the notice to the father.

The trial court dismissed the mother's suit for lack of jurisdiction over the father and she appeals.

Jurisdiction of Texas courts over nonresident defendants in cases involving the parent-child relationship is governed by Tex. Fam.Code Ann. § 11.051 (Vernon 1975) which authorizes the exercise of personal jurisdiction over a nonresident if (1) the child was conceived in this state and the person on whom service is required is a parent or an alleged or probable parent; (2) the child resides in this state as a result of

the acts or directives or with the approval of the person on whom service is required; (3) the person on whom service is required has resided with the child in this state; or (4) there is any basis consistent with the federal and state constitutions for the exercise of personal jurisdiction.

Under the facts of this case, it is clear that jurisdiction cannot be predicated on the first three subdivisions of section 11.051.

Under section 11.045 of the Family Code, which became effective prior to the filing of this suit, a Texas court has jurisdiction of a suit affecting the parent-child relationship, whether or not the child is physically present in this state, only if one of the following conditions is met: (1) this state (A) is the principal residence of the child at the time the proceeding is commenced; or (B) was the principal residence of the child at any time during the six-month period before the proceeding was commenced, and a parent or person acting as a parent resides in this state at the time of commencement of the proceeding; or (2) it is in the best interest of the child that a court of this state assume jurisdiction because (A) the child and the parents of the child or at least one contestant have a significant connection with this state and there is available in this state substantial evidence concerning the child's present or future care, protection, training and personal relationship; (B) the child is physically present in this state and there is a serious immediate question concerning the welfare of the child; or (C) it appears that no other state would have jurisdiction under prerequisites substantially in accordance with this section, or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine issues concerning the child.

Under section 11.045(b), the physical presence of the child in Texas or of the child and one of the contestants is not sufficient, standing alone, to confer jurisdiction. Tex. Fam.Code Ann. § 11.045 (Vernon 1980 Supp.).[1]

---

1. Section 11.045 is substantially similar to section 3 of the Uniform Child Custody Jurisdiction Act. See 9 U.L.A. 116, 122–23 (West 1979). The Texas version refers to suits "affecting the parent-child relationship," while the Uniform Act applies only to custody suits.

In *Perry v. Ponder*, 604 S.W.2d 306 (Tex. Civ.App.—Dallas 1980, no writ), Chief Justice Guittard, after an exhaustive analysis of the problem and the relevant decisions, including decisions by the Supreme Court of the United States, concluded that where the child and one parent had resided in Texas for almost eight months, a Texas court could entertain a suit involving custody of the child although the other parent was a resident of Alabama. At the time that *Perry* was filed in the district court, what is now section 11.045 of the Texas Family Code was not in effect, and Chief Justice Guittard's well reasoned opinion was based on subdivision 4 of section 11.051. The same conclusion is more easily reached today, since section 11.045 now specifically covers the situation presented in *Perry* and is now before us in this case. We adopt the reasoning and conclusion in *Perry*.

In this case the father seeks to distinguish *Perry* on the ground that the Dallas Court was considering jurisdiction of a suit to change custody, while the case before us involves the more drastic procedure which results in the termination of all parental rights of the nonresident party. We see no reason for applying a different rule in a termination case.

It cannot be doubted that the parent-child relationship creates a status, and that a suit seeking to terminate such relationship is a status adjudication as much as a suit to determine custodial rights. Status is a "relationship between two persons, which is not temporary in its nature, is not terminable at the will of either and with which the State is concerned. Marriage is a status … and so too is the relationship of parent and child, whether natural or adoptive." Reese, Marriage in American Conflict of Laws, 26 Int'l & Comp.L.Q., 952, 953 (1977). *See* Restatement (Second) of Conflict of Laws §§ 69–79 (1971), which includes jurisdiction over divorce, adoption and custody under the heading, "Jurisdiction over Status."

Although in *Shaffer v. Heitner*, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977), the Supreme Court expressed its intention to determine questions of state court jurisdiction by reference to the "minimum contacts" rule applied in *International Shoe Company v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), the Court recognized that the minimum contacts standard "cannot accommodate some necessary litigation," and recognized the need for some exceptions, including status adjudications. *Shaffer v. Heitner*, 433 U.S. at 201, 97 S.Ct. at 2578. In the case before us, even more so than in *Perry*, Texas has, under section 11.045, established specific jurisdictional standards applicable to proceedings involving status determinations. Stated differently, we have "particularized rules governing adjudications of status." *Shaffer v. Heitner*, 433 U.S. at 208, n.30, 97 S.Ct. at 2582, n.30.

We conclude that the reasoning in *Perry* is fully applicable to proceedings involving the termination of parental rights.

The judgment of the trial court sustaining the father's special appearance and dismissing the case is reversed and the cause is remanded for further proceedings.