1 ¶WRIT GRANTED; JUDGMENT AFFIRMED. Applicant, John Sipes, seeks supervisory review of the trial court’s denial of his declinatory exception of lack of personal jurisdiction over him in the termination of parental rights proceedings initiated by the State of Louisiana, through the Department of Social Services (the “State”).
On November 9, 2005, the State initiated proceedings to terminate the parental rights of John Sipes in regards to the minor children M.V. and A.V. In its petition, the State alleged that John Sipes is an absentee whose address, whereabouts, date of birth and age are unknown and requested that a curator ad hoc be appointed to represent him. Pursuant to this request, the trial court appointed Kermit Simmons to represent Mr. Sipes.
In response to this petition, Mr. Simmons, on Mr. Sipes behalf, filed an exception of lack of personal jurisdiction. In it, he argues that the State would be unable to present any evidence that Mr. Sipes had even minimal contacts with the State of Louisiana which would justify the exercise of personal jurisdiction over him. The exception was heard by the trial court on February 24, 2006. No evidence as to Mr. Sipes contacts with the State of Louisiana, or lack thereof, was presented. The only testimony adduced at the hearing was from the Child Welfare Supervisor for the Winn Parish Office of Community Services, Donna Johnson. Ms. Johnson testified that she had no knowledge of whether Mr. Sipes ever resided or was even in Louisiana. The trial court denied the exception without providing reasons and the instant writ application followed.[1]
The issue presented by the application is whether the courts of this state are required to have jurisdiction over the person of the parent in termination of parental rights proceedings regarding children domiciled in Louisiana and, if so, whether personal jurisdiction over Mr. Sipes was *391 present. Because we find that personal jurisdiction under these circumstances is not required, we need not reach the question of whether it was present.
Each state, in its role as sovereign, has a rightful and legitimate concern in the protection of children domiciled within its borders whose health and welfare has significant social importance. Accordingly, in its capacity as Parens patri-ae, the state by virtue of its authority over its domiciliaries and its interest in the | {.welfare of children domiciled within its borders, can alter the parent-child relationship even though the parent is not subject to the personal jurisdiction of the court. See State ex rel. W.A., 63 P.3d 607 (Ut.12/20/02); J.D. v. Tuscaloosa County Department of Human Resources, 923 So.2d 303 (Ala.Civ.App.2005); In re Appeal in Maricopa County, Juvenile Action No. JS-734, 25 Ariz.App. 333, 543 P.2d 454 (1975); In re Interest of M.L.K., 13 Kan. App.2d 251, 768 P.2d 316 (1989); Graham v. Copeland (In re Adoption of Copeland), 43 S.W.3d 483 (Tenn.Ct.App.2000); In re M.S.B., 611 S.W.2d 704 (Tex.Civ.App. 1980); Wenz v. Schwartze, 183 Mont. 166, 598 P.2d 1086 (1979); and, In re A.E.H., 161 Wis.2d 277, 468 N.W.2d 190. Assuming the form and nature of the notice meet the requirements of due process and the uncontested domicile of the children in Louisiana, there is no constitutional prohibition to the State’s proceeding against Mr. Sipes to terminate his parental rights regardless of his lack of contacts with Louisiana.
Accordingly, the judgment of the trial court denying the declinatory exception of lack of jurisdiction over the person is affirmed.

. Mr. Sipes initially filed an appeal from the denial of his exception. However, because the judgment was not subject to certification under La. C.C.P. art. 1915(B), it was not final and appealable. Accordingly, when the matter was lodged with this Court, it converted the appeal to a writ application.