

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

———————————————————

No. 07-12-00522-CV

———————————————————

IN THE INTEREST OF N.M.G., A CHILD

On Appeal from the 181ˢᵗ District Court
Randall County, Texas
Trial Court No. 64,078-B, Honorable John Board, Presiding

June 10, 2013

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Jason Gutierrez, father of N.M.G, appeals from an order denying the special appearance he filed in this termination case. N.M.G.'s aunt and uncle sought to end the parent-child relationship between Gutierrez and his child. So, they initiated suit in Texas to do so. Gutierrez, who was and is an inmate in a Colorado federal prison, received citation and filed the special appearance, contending that Texas state courts lacked personal jurisdiction over him since he had never been to Texas. The trial court overruled the special appearance. Gutierrez now attacks the decision by asserting that 1) he was denied due process when his objection to the hearing on the special appearance issue was denied, 2) notice of the telephonic hearing was insufficient, 3)

the petitioners/appellees failed to carry their burden of proof on the special appearance issue, and 4) the cause should be remanded for findings of fact and conclusions of law regarding the court's denial of his special appearance. Each issue is overruled.

We initially address the argument that personal jurisdiction was not shown to exist over Gutierrez and reject it because the State of Texas need not have personal jurisdiction over a parent in a child custody matter. *In the Interest of S.A.V.*, 837 S.W.2d 80, 84 (Tex. 1992). Furthermore, termination cases have been likened to custody matters, *In the Interest of J.C.B.*, 209 S.W.3d 821, 824 (Tex. App.–Amarillo 2006, no pet.), and therefore, personal jurisdiction over the parent whose interest is being terminated is unnecessary. *White v. Blake*, 859 S.W.2d 551, 564 (Tex. App.–Tyler 1993, no writ); *accord, Williams v. Knott*, 690 S.W.2d 605, 607-608 (Tex. App.–Austin 1985, no writ) (holding that personal jurisdiction over the parent is unnecessary); *In the Interest of M.S.B.*, 611 S.W.2d 704, 706 (Tex. Civ. App.–San Antonio 1981, no writ) (holding the same). So, whether or not anyone established the existence of personal jurisdiction over Gutierrez matters not here.

Regarding the contention that appellant was entitled to personally appear at the hearing upon his special appearance, we note that Gutierrez had no absolute right to do so. *See In re Z.L.T.*, 124 S.W.3d 163, 165 (Tex. 2003) (stating that an inmate does not have an absolute right to appear at every court proceeding). Rather, the decision whether an inmate should be allowed to appear in person depends upon the consideration of various factors. They include such things as the cost and inconvenience of transporting the prisoner to the courtroom; the security risk the prisoner presents to the court and public; whether the prisoner's claims are substantial; whether the matter's resolution can reasonably be delayed until the prisoner's release;

2

whether the prisoner can and will offer admissible, noncumulative testimony that cannot be effectively presented by deposition, telephone, or some other means; whether the prisoner's presence is important in judging his demeanor and credibility; whether the trial is to the court or a jury; and the prisoner's probability of success on the merits. *Id.* Moreover, the burden lies with the inmate to show that those factors favor his request to appeal. *Id.* In considering those factors against the record before us, we cannot say that Gutierrez satisfied his burden.

Most importantly, his motion lacked substance, as illustrated above. Personal jurisdiction over him was unnecessary given the nature of the proceeding. So, there would be no reason to proffer evidence or call witnesses. Additionally, Gutierrez was imprisoned in Colorado, not Texas, and in a federal facility. One can reasonably conclude that acceding to his request would require the expenditure of monetary sums sufficient to transport him and his law enforcement chaperone across state lines and entail extensive coordination between multiple and quite independently sovereign jurisdictions. And, again, this would be done to attend a hearing on a motion that had little chance of success. We further note that alternate means were available through which Gutierrez could present arguments and tender evidence if any were needed, that means being a telephone conference call. Indeed, that means was offered him, and he refused it. Given these circumstances, we cannot say that Gutierrez established any entitlement to appear in person.

As for Gutierrez' complaints about the manner of notice given him of the telephone hearing, we note that he acknowledged, via his appellate brief, that he had at least three days prior notice of the proceeding. Given this concession, he then observed in the same brief that the true "issue" did not concern the notice or its

3

substance but rather his "right not to appear." He allegedly had such a right because had he participated telephonically, he would have waived his complaints about the notice of the hearing and manner in which it occurred. Such a contention ignores the fact that voicing an objection in compliance with Texas Rule of Appellate Procedure 33.1 preserves and perfects that objection for review. *In the Interest of W.D.H.*, 43 S.W.3d 30, 33 n.4 (Tex. App.–Houston [14th Dist.] 2001, pet. denied). Simply put, he could have participated telephonically while still preserving his complaints.

As for the last issue, a trial court need not file findings of fact and conclusions of law in appeals from interlocutory orders. TEX. R. APP. P. 28.1. As appellant also acknowledged in his brief, the order about which he complains is interlocutory.

Accordingly, we affirm the order denying his special appearance.


Per Curiam

4