**Gloria Dahl AKIN, Laurel S. Akin and George Leighton Dahl Akin, Petitioners,**

v.

**George Leighton DAHL, Respondent.**

No. C–1867.

Supreme Court of Texas.

Oct. 5, 1983.

Rehearing Denied Nov. 23, 1983.

McDaniel & Travis, Samuel D. McDaniel, Austin, for petitioners.

Bickel & Case, Thomas L. Case, Dallas, for respondent.

WALLACE, Justice.

This is a suit seeking removal of a trustee from office and termination of the power of appointment. The court of appeals reversed the judgment of the trial court, holding that removal of the trustee was not warranted and the power of appointment was not voided. 645 S.W.2d 506. We affirm the judgment of the court of appeals.

George Dahl was, at all times pertinent to this appeal, Trustee of the Lille E. Dahl Trust, a discretionary trust established by Mr. Dahl's late wife. The beneficiaries under the trust include George Dahl, his daughter, Gloria Dahl Akin, her husband, Ted Akin, and the children of the Akins and their spouses. The instrument generally provides that the trust income and corpus would go to the Trustee, Mr. Dahl, if his accustomed life style could not be supported from other income sources, and that disbursements to the other beneficiaries would be at the discretion of the Trustee, including support, maintenance and education of the other beneficiaries. This cause of action was tried in connection with a malicious prosecution suit brought by Mr. Dahl against the Akins arising from guardianship and incompetency proceedings brought against him by the Akins. In answer to two special issues, the jury found that Mr. Dahl had developed such hostility toward Mrs. Akin and her children (presumably from the guardianship and incompetency proceedings) that in administering the Lille E. Dahl Trust, Mr. Dahl would probably be influenced adversely to the interest of Gloria Akin and her children. Specifically those two special issues read as follows:

> Do you find from a preponderance of the evidence that Mr. Dahl has developed such hostility toward Gloria Akin that his decisions as Trustee in administering the funds of the Lille E. Dahl Trust will probably be influenced adversely to the interest of Gloria Akin?

Answer: We do.

Do you find from a preponderance of the evidence that Mr. Dahl has developed

such hostility toward the Akin children that his decisions as Trustee in administering the funds of the Lille E. Dahl Trust will probably be influenced adversely to the interest of Gloria Akin?

Answer: We do.

The trial court subsequently removed George Dahl as Trustee, apparently on the basis of the two jury findings and due to a determination by the trial court that Mr. Dahl had, as a matter of law, acted improperly with the trust funds.

Three issues are presented for our determination:

(1) Is removal of the trustee from office an act of discretion of the trial court and to be judged only by the "arbitrary and unreasonable" standard applicable to the charge that the trial court abused its discretion?

(2) Was mismanagement or improper conduct by the trustee established as a matter of law and was removal of the trustee therefore justified?

(3) Were the two jury findings regarding hostility between the trustee and the beneficiaries sufficient cause to remove the trustee from office?

■ Gloria Akin urges that Section 39 of the Texas Trust Act allows removal of a trustee to be at the discretion of the trial court, and that review of the trial court's action should be the "arbitrary or unreasonable" standard applicable to trial court rulings alleged to be an abuse of discretion. *Landry v. Travelers Ins. Co.,* 458 S.W.2d 649, 651 (Tex.1970). Tex.Rev.Civ.Stat.Ann. art. 7425b–39, which is a portion of what is commonly known as the Texas Trust Act, reads in pertinent part as follows:

Art. 7425b–39. Removal of trustee

Trustees having materially violated (or attempted to violate) any express trust resulting in an actual financial loss to the trust, or becoming incompetent or insolvent, or of whose solvency or that of the sureties there is reasonable doubt, or for other cause, in the discretion of the court having jurisdiction, may ... be removed by such court ....

This section of the Act indicates that the phrase "in the discretion of the court having jurisdiction," is meant to insure that the number of grounds for removal of a trustee is not expressly limited to those enumerated in the section, but rather may include those that the trial court, in its discretion, deems necessary and proper. The section does not make removal of a trustee a discretionary act on the part of the trial court and hence subject upon review to the "arbitrary and unreasonable" standard. Having rejected the abuse-of-discretion standard of review urged by petitioner, we now turn to the apparent finding by the trial court that Mr. Dahl had acted improperly as trustee as a matter of law.

■ The trial court rendered judgment for Gloria Akin, removing George Dahl as Trustee. Because there was no issue submitted to the jury concerning Mr. Dahl's mismanagement of trust funds, the trial court had of necessity to find as a matter of law that such improper conduct had occurred in order to remove him for impropriety. We agree with the court of appeals that no such mismanagement or improper conduct was established as a matter of law. Each assertion of mismanagement or improper conduct of such magnitude as to require removal was controverted or denied, giving rise to a question of fact to be submitted to the jury. Since no issue was submitted to the jury, the point was waived unless established as a matter of law, which we hold was not done. *See Glens Falls Ins. Co. v. Peters,* 386 S.W.2d 529, 531 (Tex. 1965); Tex.R.Civ.P. 279.

■ There then remains the question of whether or not the jury findings concerning hostility justify removal of the trustee. Ill will or hostility between a trustee and the beneficiaries of the trust, is, standing alone, insufficient grounds for removal of the trustee from office. *White v. White,* 15 S.W.2d 1090, 1093 (Tex.Civ.App.—Texarkana 1929, writ dism'd), 25 S.W.2d 826 (Tex.

**914**

Comm'n.App.1930). Article 7425b–39 of the Texas Trust Act sets out circumstances which warrant the removal of a trustee from office. Should the trier of fact affirmatively find that one of the enumerated circumstances has occurred, the trustee will be removed. Additionally, should the trier of fact find that hostility, ill will, or other factors have affected the trustee so that he cannot properly serve in his capacity, the trustee will be removed. In the present case, the jury found in essence that George Dahl could probably not serve as trustee. This is insufficient. Just as there must be an affirmative finding that an enumerated circumstance has occurred under Article 7425b–39, not merely probably had or probably will occur, there likewise must be a finding that the trustee's hostility does or will affect his performance in the office. The jury must decide by preponderance of the evidence that George Dahl could not properly serve as trustee due to the hostility between him and the Akins. The jury did not make this finding and as a consequence Mr. Dahl may not be removed as trustee. We note that the hostility herein was primarily created by the beneficiaries. Preservation of the trust and assurance that its purpose be served is of paramount importance in the law and this Court will not sanction the creation of hostility by a beneficiary in order to effectuate the removal of a trustee.

The Court also notes that a serious conflict of interest may be present between Mr. Dahl as Trustee of the Lille E. Dahl Trust, while at the same time being a judgment creditor of the beneficiaries of the trust. This is particularly true where the beneficiaries must seek funds from the Trustee in order to satisfy a judgment held against them by the Trustee individually. This point has, however, not been presented to this Court.

We affirm the judgment of the court of appeals, holding that the Trustee remain in office and continuation of the power of appointment.

ROBERTSON, J., not sitting.