Louis M. DITTA, Guardian of the Estate of Doris L. Conte, an incapacitated Person, Petitioner,

v.

Susan C. CONTE and Joseph P. Conte, Jr., Respondents.

No. 07–1026.

Supreme Court of Texas.

Argued Jan. 13, 2009.

Decided June 5, 2009.

Louis M. Ditta, Michael J. Cenatiempo, Caroline Stephenson Marciano, Cenatiempo & Ditta, L.L.P., Thomas C. Wright, Bradley Wayne Snead, Wright Brown & Close, LLP, Houston TX, for Petitioner.

Karen L. Watkins, McGinnis Lochridge & Kilgore, L.L.P., Austin TX, Steven J. Watkins, McGinnis Lochridge & Kilgore, L.L.P., Houston TX, for Respondent.

Joseph P. Conte Jr., Houston TX, pro se.

Justice WILLETT delivered the opinion of the Court.

The court of appeals held that this trustee-removal suit was barred by the four-year statute of limitations applicable to breach-of-fiduciary-duty suits. We disagree and hold that no statutory limitations period restricts a court's discretion to remove a trustee. A limitations period, while applicable to suits seeking damages for breach of fiduciary duty, has no place in suits that seek removal rather than recovery. Accordingly, we reverse the court of appeals' judgment that the case was time-barred and remand to that court for further proceedings.

## I. Background

In 1987, Joseph and Doris Conte created the Joseph P. Conte Family Trust, an inter vivos trust. The Trust agreement named Joseph the original trustee. Upon Joseph's death in 1993, Doris began serving as co-trustee along with her two children, Susan and Joseph Jr. The co-trustees were obliged to create and fund three separate trusts for the primary benefit of Doris. The co-trustees were to distribute quarterly income from a management trust to Doris, as well as principal amounts requested by Doris for "her comfort, health, support and maintenance, in order to maintain" the equivalent lifestyle to which Doris was accustomed at the time of Joseph's death.

Initially, Joseph Jr. managed the Trust's day-to-day affairs. About two years later, Susan and Doris discovered that Joseph Jr. was not administering the Trust in accordance with its terms. This discovery heralded a proliferation of litigation, including eight separate lawsuits between Susan and Joseph Jr. In the course of one of these suits, Doris was declared mentally incapacitated. Susan was made guardian of Doris' person, and Louis Ditta, the peti-

tioner in this case and an attorney, was eventually made guardian of Doris' estate. Due to the declaration of incapacity, Doris was removed as a trustee of the Trust.

In August 1998, Ditta sought appointment of a receiver to take over the Trust, claiming that the discord between Joseph Jr. and Susan was materially injuring the Trust assets. Instead of appointing a receiver, the probate court appointed a temporary successor trustee, Paula Miller. At that time, the trustee powers of both Susan and Joseph Jr. were temporarily suspended. In June 2000, Miller filed an accounting for the Trust with the court that covered March 8, 1993 (the date of Joseph's death) to December 31, 1999. The accounting revealed that both Susan and Joseph Jr. had become significantly indebted to the Trust by using Trust assets for personal expenses.

Susan contested the accounting, but eventually the parties entered into an agreed judgment in January 2001. The agreed judgment approved Miller's accounting of more than $400,000 that Susan owed to the Trust and a similar debt owed by Joseph Jr. The agreed judgment provided that collection of the amounts owed by Susan and Joseph Jr. would be deferred during Doris' lifetime, unless the probate court later found that Doris' "financial needs" required earlier repayment.

In January 2003, Ditta persuaded the probate court to remove Joseph Jr. as trustee based on his violations of the Trust agreement. Thereafter, only Susan (whose trustee powers were suspended) and Miller (the temporary successor trustee) remained as trustees. On April 5, 2004, Ditta filed this suit, seeking Susan's removal as trustee. On both April 27 and November 3 of that same year, Susan and Joseph Jr., in their capacity as beneficiaries of the Trust, signed documents, pursuant to the terms of the Trust,[1] to reappoint Susan as trustee if she were removed by the court in the removal proceeding initiated by Ditta.

Following a bench trial, the probate court removed Susan as trustee, modified the terms of the Trust regarding trustee succession, and appointed Frost Bank as successor trustee. Susan appealed and the court of appeals reversed, holding that Ditta's removal action was barred by the four-year statute of limitations governing breach-of-fiduciary-duty claims.[2] The court of appeals reasoned that because "Susan's alleged breach of fiduciary duty formed the underlying basis for Ditta's removal action," and "both parties ... briefed the instant appeal as one to which a four-year statute of limitations applies," Ditta was required to bring his removal action no later than four years after the cause of action for removal accrued.[3] The court of appeals also held that the probate court erred in modifying the terms of the Trust and appointing a successor trustee because it took those actions based on a time-barred petition.[4]

## II. Preservation of Error

In a post-submission brief, Susan asserts that Ditta has waived the argument that no limitations period should apply to the removal action. While Ditta did not make that precise argument, his entire

---

1. The Trust provided that, should the position of trustee become vacant, a series of persons would have an opportunity to appoint the successor trustee. If neither Joseph Conte Sr. nor Doris Conte appointed a successor in the first sixty days after the position of trustee was vacated, the majority of adult beneficiaries had a thirty-day window within which they could appoint a successor trustee.

2. 287 S.W.3d 28.

3. *Id.* at 34.

4. *Id.* at 38.

brief to this Court assiduously detailed numerous reasons why the statute of limitations should not apply to his action.[5] We have held that "[w]hen ... the only issue is the law question of which statute of limitations applies, the court of appeals should apply the correct limitations statute even if the appellee does not file any brief."[6] Further, a question is properly before this Court if it is subsidiary to, and fairly included within, an issue raised in a litigant's petition for review.[7] This requirement is to be applied "reasonably, yet liberally," so that an appellate court can reach the merits of an appeal whenever it is "reasonably possible" to do so.[8] In order to see that "a just, fair[,] and equitable adjudication of the rights of the litigants"[9] is obtained, we broadly construe Ditta's issues to encompass the core question of whether a statute of limitations should be applied at all.

### III. Timeliness of Trustee–Removal Claim

Ditta sought removal of Susan as trustee and reformation of the Trust to appoint a successor trustee. He asserted no cause of action giving rise to a claim for monetary damages such as breach of fiduciary duty. Therefore, we limit our analysis to the question of what, if any, statute of limitations should apply to a claim solely for removal of a trustee.

Neither the Texas limitations statutes[10] nor Texas caselaw (save for the court of appeals' decision in this case) address what, if any, limitations period applies to a trustee-removal cause of action.[11] Scant caselaw exists elsewhere on the issue.[12]

The court of appeals applied the four-year statute of limitations applicable to suits for breach of fiduciary duty.[13] Susan's removal as trustee, however, was not based solely on discrete breaches of fiduciary duty that occurred in the past. The probate court gave three reasons for removing Susan: (1) her indebtedness to the Trust and concurrent responsibility to collect on that debt if Doris needed the funds created an inherent and continuing conflict of interest; (2) Susan's prior use of Trust

---

5. Specifically, Ditta asserted limitations did not bar his claims because: (1) the discovery rule or legal-injury rule delayed accrual of the claim; (2) Doris' mental incapacity tolled the running of limitations; and (3) a continuing conflict of interest between Susan and the Trust tolled the running of limitations.

6. *Williams v. Khalaf*, 802 S.W.2d 651, 658 (Tex.1990). Of course, this rule does not eliminate a litigant's initial obligation to raise the statute of limitations as an affirmative defense. *See* TEX R. CIV. P. 94.

7. TEX.R.APP. P. 53.2(f), 55.2(f).

8. *See Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex.2008) (applying Texas Rule of Appellate Procedure 38.1, governing briefs to the intermediate appellate courts).

9. *Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex.1989); *see also In re M.N.*, 262 S.W.3d 799, 801 (Tex.2008).

10. *See generally* TEX CIV PRAC. & REM.CODE §§ 16.004–.037.

11. Nor have we held the four-year residual limitations period applicable to removal suits. *See* TEX. CIV. PRAC. & REM.CODE § 16.051.

12. An Indiana decision imposed a statute of limitations on a removal action, holding that the claim was time-barred because it was based on two underlying breach of trust claims for which the applicable limitations period had run. *Mack v. Am. Fletcher Nat'l Bank & Trust Co.*, 510 N.E.2d 725, 740 (Ind. Ct.App.1987). The court reasoned, "because [the removal] claim for relief *is* hinged on [the underlying] alleged injuries, we are bound by the same statutes of limitations." *Id.* We decline to follow the Indiana court of appeals' approach.

13. TEX CIV. PRAC. & REM.CODE § 16.004(a)(5).

funds to pay off personal debts materially violated the terms of the Trust; and (3) Susan's tenuous relationship with Joseph Jr. impaired the performance of her trustee duties. Susan does not persuade us that any of these three reasons could not be considered by the probate court as grounds for her removal as trustee.[14] The Trust Code provides courts wide latitude in deciding whether to remove a trustee:

> A trustee may be removed in accordance with the terms of the trust instrument, or, on the petition of an interested person and after hearing, a court may, in its discretion, remove a trustee ... if: (1) the trustee materially violated or attempted to violate the terms of the trust and the violation or attempted violation results in a material financial loss to the trust; (2) the trustee becomes incapacitated or insolvent; (3) the trustee fails to make [a required] accounting ...; or (4) the court finds *other cause* for removal.[15]

More fundamentally, even if the probate court's removal of Susan had been based solely on a conclusion that she committed a discrete breach of fiduciary duty, we conclude that the court's discretion to remove a trustee for such a breach is not subject to a statutory limitations period running from a specified period after the breach. Instead, the removal decision turns on the special status of the trustee as a fiduciary and the ongoing relationship between trustee and beneficiary, not on any particular or discrete act of the trustee.

■ A trust is not a legal entity;[16] rather it is a "fiduciary relationship with respect to property."[17] High fiduciary standards are imposed upon trustees,[18] who must handle trust property solely for the beneficiaries' benefit.[19] A fiduciary "occupies a position of peculiar confidence towards another."[20] Accordingly, a trustee's association with the trust is that of a relationship or a status. Because a trustee's fiduciary role is a status, courts acting within their explicit statutory discretion should be authorized to terminate the trustee's relationship with the trust at any time, without the application of a limitations period.

■■ By analogy, the marital relationship between spouses is a fiduciary relationship.[21] That special relationship is of course more than the sum of discrete actions taken by one spouse toward another. If, for example, cruelty and adultery are recognized grounds for divorce,[22] a spouse suing for divorce on those grounds should not be tasked to sue for divorce within a specific statutory limitations period. The effect of that conduct on the special relationship of trust and confidence between spouses may continue and change over time. And indeed, Texas law recognizes

---

14. We note, however, that we recently held that a conflict of interest does not always necessitate removal of a trustee. *Kappus v. Kappus*, 284 S.W.3d 831, 833 (Tex.2009).

15. Tex. Prop.Code § 113.082(a) (emphasis added).

16. *Huie v. DeShazo*, 922 S.W.2d 920, 926 (Tex.1996) ("The term 'trust' refers not to a separate legal entity but rather to the *fiduciary relationship* governing the trustee with respect to the trust property.").

17. Tex. Prop Code § 111.004(4).

18. *Humane Soc'y of Austin & Travis County v. Austin Nat'l Bank*, 531 S.W.2d 574, 577 (Tex. 1975).

19. *See* Tex Prop.Code § 111.004(4).

20. *Kinzbach Tool Co. v. Corbett–Wallace Corp.*, 138 Tex. 565, 160 S.W.2d 509, 512 (1942).

21. *See Schlueter v. Schlueter*, 975 S.W.2d 584, 589 (Tex.1998).

22. *See* Tex. Fam.Code §§ 6.002–.003.

marriage as a status,[23] and there is no statutory limitations provision expressly directed at divorce actions.

■ A trustee-removal action can also be analogized to a real-property action to remove a cloud on title. We have held that as long as an injury clouding the title remains, so too does an equitable action to remove the cloud; therefore, a suit to remove the cloud is not time-barred.[24] As we recently noted in *Ford v. Exxon Mobil Chemical Co.*, if removal of the cloud depends on a tort or contract claim, it must be brought within the applicable limitations period.[25] But if a cloud on title is void or has expired by its own terms, there is no limitations period on the equitable claim to declare the existing status.[26]

■ Here, the probate court found that Susan, in her role as trustee, committed a breach of trust, and that her role as trustee was compromised due to her indebtedness to the Trust and her tenuous relationship with Joseph Jr. and Doris. These findings indicate that the potential for injury to the Trust would remain as long as Susan continued in her role as trustee; therefore, we hold that Ditta's claim for Susan's removal was not time-barred. Unlike *Ford,* Ditta is not merely attempting to recast a potentially time-barred claim (breach of fiduciary duty) as a claim for equitable relief (removal of Susan as trustee). The remedy Ditta seeks in this action is removal of Susan as trustee, not monetary or other relief. While removal actions are sometimes premised on a trustee's prior behavior, they exist to prevent the trustee from engaging in further behavior that could potentially harm the trust. Any prior breaches or conflicts on the part of the trustee indicate that the trustee could repeat her behavior and harm the trust in the future. At the very least, such prior conduct might lead a court to conclude that the special relationship of trust and confidence remains compromised. Like cloud-on-title cases, as long as potential harm to the trust remains, an action to remove the trustee should be allowed to proceed.

■ We therefore hold that a trustee removal action, regardless of the underlying grounds on which it is brought, is not subject to a limitations analysis.[27] However, limitations periods continue to dictate when claims for fiduciary breaches must be brought. While the four-year limitations period proscribes whether an interested person can obtain monetary recovery from a trustee's fiduciary breach, it does not affect whether the interested person can seek that trustee's removal. To hold otherwise would allow trustees who previously harmed the trust relationship to remain in their fiduciary roles, regardless of their past transgressions.

## IV. Conclusion

No statute of limitations period applies in a trustee-removal suit. Trusts are fiduciary relationships, and as such, their nature and character often change through-

---

23. *See Saltarelli v. Saltarelli,* 670 S.W.2d 785, 785 (Tex.App.-Fort Worth 1984, no writ) ("marriage is not a contract, but a status created by the mutual consent of two people"); *see also In re M.S.B.,* 611 S.W.2d 704, 706 (Tex.Civ.App.-San Antonio 1980, no writ) (also describing marriage as a status).

24. *Tex. Co. v. Davis,* 113 Tex. 321, 254 S.W. 304, 309 (1923).

25. *Ford v. Exxon Mobil Chem. Co.,* 235 S.W.3d 615, 618–19 (Tex.2007) (per curiam).

26. *Id.*

27. We do not pass on whether equitable defenses, such as laches or estoppel, may apply to removal actions.

out the years of administration, as the Trust here did. Because the court of appeals decided this case on the limitations issue, it did not reach issues relating to the merits of Ditta's removal action, the reformation of the Trust, or the appointment of Frost Bank as successor trustee. Accordingly, we reverse the court of appeals' judgment and remand the case to that court for consideration of those issues.[28]

28.  *See Hoover Slovacek LLP v. Walton,* 206  S.W.3d 557, 566 (Tex.2006).