Affirmed
in Part, Reversed and Remanded in Part, and Majority and Dissenting Opinions
filed November 3, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-01063-CV

____________

 

NANCY KESSLING, Appellant

 

V.

 

FRIENDSWOOD INDEPENDENT SCHOOL
DISTRICT AND PATRICIA HANKS, Appellees

 



 

On Appeal from the 56th
District Court

Galveston County, Texas

Trial Court Cause No. 06-CV-0884

 



 

D I S S E N T I N G   O P I N I O N








A concerned citizen filed suit against a
school district and its superintendent alleging, among other things, various
past violations of the Texas Open Meetings Act and the Texas Public Information
Act.  The citizen alleged that these violations showed a pattern and practice
by the school district of violating these two statutes. As to both statutes,
the citizen sought a declaratory judgment regarding the past violations that
allegedly show a pattern and practice, and the citizen also sought mandamus or
injunctive relief requiring the school district to comply with these two
statutes in the future.  The trial court granted the defendants= plea to the
jurisdiction and motion for summary judgment and dismissed all of the citizen=s claims.  In her
opening brief on appeal, the citizen asserts that she seeks a declaratory
judgment regarding the past violations of these two statutes, allegedly showing
a pattern and practice, and that she seeks mandamus or injunctive relief
requiring the school district to comply with these two statutes in the future. 


The majority correctly concludes that the
citizen=s claims for
declaratory relief as to the Texas Open Meetings Act are not moot and that in
her request for mandamus or injunctive relief as to this statute the citizen
does not seek an advisory opinion.  Likewise, the majority correctly concludes
that the trial court erred in dismissing the citizen=s Texas Public
Information Act claims to the extent they sought to compel disclosure as to
unfulfilled requests.  However, as to the citizen=s request for
declaratory relief regarding requests that were fulfilled in the past, although
in a manner that allegedly violated the Texas Public Information Act, the
majority incorrectly concludes that these claims are moot because, on appeal,
the citizen does not assert that she is seeking declaratory relief to show a
pattern and practice that would form a basis for mandamus or injunctive
relief.  Contrary to the majority=s conclusion, in
her appellant=s brief, the citizen does state that she is asserting
similar declaratory, mandamus, and injunctive relief under both the Texas Open
Meetings Act and the Texas Public Information Act.  Therefore, this court
should hold that none of the citizen=s claims for
declaratory relief regarding violations of the Texas Public Information Act are
moot and that in her request for mandamus or injunctive relief regarding this
statute the citizen does not seek an advisory opinion.  Because it does not, I
respectfully dissent.

                              Allegations in the
Citizen=s Live Petition








In her live petition, appellant/plaintiff
Nancy Kessling asserts, among other things, similar allegations and requests
for relief regarding the Texas Open Meetings Act (AMeetings Act@) and the Texas
Public Information Act (AInformation Act@).  In suing
defendants/appellees Friendswood Independent School District (ASchool District@) and its
superintendent Patricia Hanks (collectively the ASchool District
Parties@), Kessling made
the following allegations:

The [School District] has a pattern
and practice of violating the notice and open meeting provisions of the
[Meetings Act], as evidenced by the fact that [the School District] has
continued to violate the [Meetings Act] prior to and during the pendency of
this suit.  Kessling seeks a declaratory judgment under the [Uniform
Declaratory Judgments Act] that [the School District] has violated the
[Meetings Act] through its past actions.  Kessling seeks injunctive relief to
prevent [the School District] from continuing to violate the [Meetings Act]
through these actions.

. . .

Plaintiff Kessling seeks a
declaratory judgment regarding each of these violations, and a writ of mandamus
and/or injunctive relief to require that the [School District] comply with the
procedural requirements of the [Meetings Act] . . .

. . .

The [School District] has
demonstrated a pattern and practice of failing and refusing to either release
public information or to request attorney general decisions to authorize
withholding the information.  The [School District] has demonstrated a pattern
and practice of refusing to release information listed in the [Information Act]
as information that should be released without question and without delay. 
TEX. GOV=T CODE ANN. '552.022.  The [School District] has
demonstrated a pattern and practice of delaying the release of information  for
an inordinately long time, sometimes months, failing to comply with the
timeliness requirements of the [Information Act].  Kessling seeks a declaratory
judgment under the Uniform Declaratory Judgment [sic] Act that [the School
District] has violated the [Information Act] for each of the alleged incidents
that constitute a part of the pattern and practice.

. . .

Plaintiff Kessling seeks a declaratory
judgment regarding each of these violations, and a writ of mandamus and/or
injunctive relief to require that the [School District] comply with the
procedural requirements of the [Information  Act] and to compel disclosure of
all requested information . . .

. . .

Plaintiff respectfully requests
that, upon trial of this case, the Court:

1) find that Defendants have
violated the requirements of the [Meetings Act] and order that the Defendants
comply with the Act . . .








2) find that Defendants have
violated the requirements of the [Information Act] and order that the
Defendants comply with the procedural requirements of the Act . . .

As to both the Meetings Act and the Information Act,
Kessling sought a declaratory judgment as to past violations of these statutes,
which she alleged constituted a pattern and practice.  Then, based on these
past violations, Kessling sought mandamus or injunctive relief requiring the
School District to comply with these two statutes in the future.

The School District Parties= Motion For
Summary Judgment and Plea to the Jurisdiction

The trial court granted the School
District Parties= AMotion for Summary
Judgment and Plea to the Jurisdiction.@  As to Kessling=s Meetings Act and
the Information Act claims, the School District Parties did not specify whether
they were asserting a plea to the jurisdiction or a motion for summary
judgment.  As to both the Meetings Act and the Information Act claims, the
School District Parties asserted that the trial court lacked jurisdiction based
on mootness and Kessling=s alleged request for an advisory
opinion.  These arguments constitute an attack on the trial court=s jurisdiction and
thus fall within the plea to the jurisdiction.  As to the Information Act
claims, the School District Parties also asserted that section 552.3215 of the
Government Code prohibits Kessling from obtaining the declaratory, injunctive,
and mandamus relief that she seeks in this case.  See Tex. Gov=t Code Ann. ' 552.3215 (Vernon
2004). This argument constitutes an attack on the merits of Kessling=s claims and is
part of the summary-judgment motion. 

                                 The
Citizen=s Opening
Brief on Appeal

In pertinent part, Kessling makes the
following statements in her opening brief on appeal:

Kessling seeks a declaration that
[the School District] has violated the [Information Act], [the Meetings Act],
and Education Code in a specific manner, and an order requiring that [the
School District] comply with these laws in the future to avoid these
violations. . .

. . .








Kessling filed this action,
alleging a pattern and practice of [Meetings Act], [Information Act], and
Education Code violations. . .

. . .

Kessling asserted that her public
information requests remain unfulfilled to this day, and she sought both
mandamus and declaratory relief to cure [the School District=s] past and ongoing violations of
the [Information Act] . . .

. . .

In paragraph 6.17 of her petition,
Kessling seeks a declaratory judgment on each of the alleged violations and
a writ of mandamus and/or an injunction to Arequire that the [School District] comply with the
procedural requirements of the [Information  Act] and to compel disclosure of
all requested information.@  Kessling sought the same relief in her general prayer.  








(emphasis in original).  The Supreme Court of Texas
has stressed that appellate courts must construe an appellant=s brief Areasonably, yet
liberally@ so as to Areach the merits
of an appeal whenever reasonably possible.@ Perry v. Cohen,
272 S.W.3d 585, 587 (Tex. 2008); see also Ditta v. Conte, No. 07-1026, CS.W.3d.C,C. 2009 WL 1566989,
at *2 (Tex. June 5, 2009) (construing petitioner=s brief liberally
to contain argument that it did not expressly contain because it contained
similar and related arguments).  Under this construction, Kessling, in her
opening brief, asserts that she seeks declaratory relief as to past violations
of the Information Act, including violations of the procedural requirements of
the statute in cases in which the School District already has provided the
requested information.[1] 
Kessling also asserts in her opening brief that, based on these past
violations, she seeks mandamus or declaratory relief to order the School
District to comply with the Information Act in the future.  Therefore, the
majority incorrectly concludes that Kessling has failed to sufficiently brief
that she seeks declaratory relief as to past procedural violations of the
Information Act and that she seeks mandamus or injunctive relief to prevent
future violations of this statute.[2] 
See ante at p. 13.

 The Effect of the Citizen=s Adequate Briefing

Because Kessling adequately briefed the
relief that she sought regarding the past procedural violations of the
Information Act, this court should conclude, as it does for the claims
regarding the Meetings Act, that Kessling=s declaratory
judgment claims are not moot and her claims for injunctive or mandamus relief
do not contain a request for an advisory opinion. In adjudicating the
jurisdictional challenges to the Meetings Act claims, the majority concludes
that the trial court has jurisdiction because Kessling seeks to use the alleged
pattern and practice of past violations as a basis for showing her entitlement
to mandamus or injunctive relief as to future violations.  See ante at
p. 8B9.  As to the
Meetings Act claims, the majority correctly notes that a decision that the
claims are not moot or unripe does not speak to the merits of these claims.  See
ante at p. 9; Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554B55 (Tex. 2000)
(stating that courts may not reach the merits of the parties= claims in
deciding jurisdictional issues); In re Sullivan, 157 S.W.3d 911, 920
(Tex. App.CHouston [14th Dist.] 2005, orig. proceeding [mand.
denied]) (refusing to consider arguments attacking the merits of the claims in
deciding whether trial court clearly abused its discretion by denying plea to
the jurisdiction).  Instead of finding briefing waiver, the majority should
apply the same analysis to the Information Act claims as to fulfilled requests
that the majority applies to the Meetings Act claims.








However, in discussing the same
jurisdictional issues as to the Information Act claims, the majority
incorrectly states that the merits of these claims are at issue on appeal.[3] 
The majority states that Kessling has not argued on appeal that the Information
Act affords the mandamus or injunctive relief that she seeks.  See ante
at p. 13.  The majority further asserts that Kessling has not briefed Athe issue of
whether the [Information Act] affords her the right to seek mandamus or
injunctive relief instructing [the School District Parties] to follow the
[Information Act] in the future.@  Id. at p.
14, n.9 (emphasis added).  The majority concludes that Kessling has not argued
on appeal that she is seeking mandamus or injunctive relief as to the fulfilled
Information Act requests. See id. at p. 13B14.  In addition,
the majority suggests that, even if Kessling=s appellate
briefing were sufficient, this court would analyze the mootness and
advisory-opinion issues differently as to the Information Act claims because of
differences in the merits of those claims.  See id.  However, the relief
Kessling seeks as to the alleged Information Act violations regarding fulfilled
requests is substantially similar to the relief she seeks as to the alleged
Meetings Act violations.  Presuming for the sake of argument that Kessling=s claims for
mandamus or injunctive relief as to the alleged Meetings Act violations have
merit but that, under the applicable statutes and equitable principles,
Kessling is not entitled to mandamus or injunctive relief as to the Information
Act claims, these issues regarding the merits would not affect the
jurisdictional analysis in the instant appeal.  See Bland Indep. Sch. Dist.,
34 S.W.3d at 554B55; In re Sullivan, 157 S.W.3d at
920.

Therefore, this court should sustain the first issue in its
entirety, reverse the trial court=s judgment as to all of Kessling=s claims regarding the Meetings Act
and the Information Act, and remand for further proceedings.  To the extent it
does not do so, I respectfully dissent.

 

 

 

 

/s/      Kem Thompson Frost

Justice

 

 

 

Panel consists of Chief Justice
Hedges and Justices Yates and Frost (Hedges, C.J., majority).









[1]  Kessling alleges that the School District has a
pattern and practice of violating certain procedural requirements of the
Information Act, for example the requirement that A[a]n officer for public information of a governmental
body shall promptly produce public information for inspection,
duplication, or both on application by any person to the officer.@ Tex. Gov=t
Code Ann. ' 552.221(a) (Vernon 2004) (emphasis added).     





[2]  According to the majority, Kessling does not argue
on appeal Athat she is entitled to seek mandamus or injunctive
relief , as she did in connection with her [Meetings Act] claims, instructing
appellees to follow the law in the future.@  Ante
at p. 13.  The majority then states that Kessling Aneither argues that [the Information Act] allows for
such relief nor seeks any other injunctive or other affirmative relief as [to]
her requests [that] have been fulfilled.@  Id.






[3]  The merits of the Information Act claims were
challenged by the summary-judgment ground based on section 552.3215 of the
Government Code.  However, the majority correctly concludes that this ground
lacks merit, and the School District Parties did not attack the Information Act
claims on any other basis.  See ante at p. 10B12.