

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00618-CV

Santiago **RAMIREZ** Jr.,
Appellant

v.

Sonia Garza **RODRIGUEZ**, Victor M. Ramirez, and Javier Ramirez Jr.,
Co-Trustees of the Ramirez Mineral Trust,
Appellees

From the 49th Judicial District Court, Zapata County, Texas
Trial Court No. 10,520
Honorable José A. Lopez, Judge Presiding

Opinion by:     Patricia O. Alvarez, Justice

Sitting:          Patricia O. Alvarez, Justice
                    Irene Rios, Justice
                    Liza A. Rodriguez, Justice

Delivered and Filed: February 19, 2020

AFFIRMED

Appellees Sonia Garza Rodriguez, Victor M. Ramirez, and Javier Ramirez Jr., as co-trustees of the Ramirez Mineral Trust (the Trust), sued to remove appellant Santiago Ramirez Jr., as the fourth co-trustee of the Trust. Santiago moved to dismiss the lawsuit under the Texas Citizens Participation Act (the Act), asserting the lawsuit was based on, related to, or was in response to the exercise of his right to free speech and right to petition. Because the trial court failed to rule on the motion by the thirtieth day following the hearing on the motion, the motion was denied by operation of law. TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.005(a), 27.008(a).

## BACKGROUND

In 1977, the Trust was created when family members conveyed their oil, gas, and mineral interests in certain land to the Trust. The trust agreement provided for the interests to be controlled, managed, developed, operated, and leased by the four co-trustees appointed in the trust agreement. The trust agreement further provided any action on behalf of the Trust required the joinder of three of the four co-trustees.

In 2008, the trust agreement was amended, but the provision requiring the joinder of three of the four co-trustees was not changed. The 2008 amendment recognized the current co-trustees were Santiago, Sonia, Victor, and Javier.

On February 7, 2019, Santiago and Ancient Sunlight, Ltd., one of the Trust's beneficiaries of which Santiago was the general partner, filed a lawsuit against Sonia in Zapata County, Texas. The lawsuit alleged claims for breach of fiduciary duty and breach of trust.

On April 26, 2019, Sonia, Victor, and Javier filed a petition to remove Santiago as a co-trustee of the Trust "pursuant to the Trust and Section 113.082(a)(4) of the Texas Trust Code."[1] The petition to remove was initially filed in Webb County, but the cause was subsequently transferred to Zapata County and consolidated with Santiago's lawsuit.

The petition alleged Santiago "has engaged in a pattern of creating hostility and friction that impedes and/or affects the operations of the [T]rust" since on or around 2007. Specifically, the petition alleged Santiago:

(1) sent a letter unilaterally and without the authority of the Trust to the postmistress of a post office complaining of tampering with the Trust's mail which complaint was determined to be unfounded;

(2) sent letters and emails unilaterally and without the authority of the Trust to an auditor whose services the Trust sought to engage resulting in the auditor declining

---

[1] In this opinion, we focus our attention on the Texas Trust Code provision.

the engagement and costing the Trust legal fees for its attorney to locate a new auditor;

(3) sent a letter unilaterally and without authority to the Texas State Board of Public Accountancy claiming the former accountant of the Trust overcharged the Trust for her services and colluded to pay Sonia's spouse as an independent contractor;

(4) sent a letter unilaterally and without authority to the Internal Revenue Service regarding the independent contractor status of Sonia's spouse;

(5) threatened the current accountant of the Trust based on services he was allegedly performing for Trust beneficiaries and/or co-trustees of the Trust;

(6) threatened and harassed the other co-trustees and obstructed and disrupted the operations of the Trust;

(7) sent an email to the other co-trustees and the attorney for the opposing party in a pending litigation detailing attorney-client communications between the Trust and its attorney and the Trust's strategy;

(8) sent a letter unilaterally and without authority disclosing to a potential auditor internal Trust matters that were not pertinent to the issues for which the Trust sought to engage the auditor's services;

(9) filed the lawsuit against Sonia alleging baseless claims;

(10) engaged in destructive behavior which alienated the Trust's attorneys, accountants, vendors, gas producers, and other consultants causing the Trust to switch accountants and hire at least three attorneys; and

(11) acted to discredit the other co-trustees with the Trust's beneficiaries and third parties.

As previously noted, Santiago filed a motion to dismiss the petition pursuant to the Act. Sonia, Victor, and Javier filed a response and supplemental response asserting Santiago failed to prove their claims were based on, related to, or in response to Santiago's exercise of his right to free speech and right to petition. Sonia, Victor, and Javier also attached evidence to establish a prima facie case for their removal claim. The trial court held a hearing on the motion, but the motion was subsequently overruled by operation of law.

**TEXAS CITIZENS PARTICIPATION ACT AND STANDARD OF REVIEW**

A party in a case that "is based on, relates to, or is in response to a party's exercise of the right of free speech [or] right to petition" may move for dismissal under the Act. Act of May 18, 2011, 82nd Leg., ch. 341, § 2, R.S., 2011 Tex. Gen. Laws 961, 962 (amended 2019) (current version at TEX. CIV. PRAC. & REM. CODE § 27.003(a)). "Dismissal requires two steps. First, the party moving for dismissal must show, by a preponderance of the evidence, that the 'legal action is based on, relates to, or is in response to [the movant]'s exercise of the right of free speech'" or right to petition. *Dall. Morning News, Inc. v. Hall*, 579 S.W.3d 370, 376 (Tex. 2019) (quoting TEX. CIV. PRAC. & REM. CODE ANN. § 27.003(a)). "The burden then shifts to the plaintiff to establish 'by clear and specific evidence a prima facie case for each essential element of the claim in question.'" *Id*. (quoting TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(c)). "A prima facie case is the minimum quantum of evidence necessary to support a rational inference that the allegation of fact is true." *Id*. at 376–77 (internal quotation marks omitted). "Requiring 'clear and specific evidence' means the plaintiff must provide enough detail to show the factual basis for its claim and must provide enough evidence to support a rational inference that the allegation of fact is true." *Id*. at 377 (internal quotation marks omitted). If the Act applies and the plaintiff fails to carry its burden, the trial court must dismiss the suit.[2] *Id*. (citing TEX. CIV. PRAC. & REM. CODE ANN. § 27.005).

We review whether the parties met or failed to meet their burdens of proof de novo. *Id*. In our review, however, "[w]e view the pleadings and evidence in the light most favorable to the

---

[2] A defendant can overcome a showing of a prima facie case and still obtain a dismissal if the defendant establishes a valid defense to the clam by a preponderance of the evidence. TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(d). Santiago only filed a general denial and did not seek to establish a valid defense to the removal claim.

nonmovant." *Robert B. James, DDS, Inc. v. Elkins*, 553 S.W.3d 596, 603 (Tex. App.—San Antonio 2018, pet. denied)

**CLEAR AND SPECIFIC EVIDENCE OF PRIMA FACIE CASE**

For purposes of this opinion, we will assume, without deciding, that Santiago satisfied his burden to show the removal claim against him was based on, related to, or in response to the exercise of his right to free speech and right to petition. Therefore, we turn our attention to whether Sonia, Victor, and Javier established a prima facie case for their removal claim by clear and specific evidence.[3]

**A.  Applicable Law on Removal**

Sonia, Victor, and Javier sought to have Santiago removed as a co-trustee under section 113.082(a)(4) of the Texas Trust Code, which allows a trial court to remove a trustee based on a finding of "other cause for removal." TEX. PROP. CODE ANN. § 113.082(a)(4). "Ill will or hostility between a trustee and the beneficiaries of the trust, is, standing alone, insufficient grounds for removal of the trustee from office." *Akin v. Dahl*, 661 S.W.2d 911, 913 (Tex. 1983). However, a trustee will be removed if his hostility or ill will affects his performance. *Id*. at 914. Furthermore, "[p]reservation of the trust and assurance that its purpose be served is of paramount importance in the law." *Id*. For this reason, hostility that impedes the proper performance of the trust is grounds for removal, "especially if the trustee made the subject matter of the suit is at fault." *Bergman v. Bergman-Davison-Webster Charitable Tr.*, No. 07-02-0460-CV, 2004 WL 24968, at *1 (Tex. App.—Amarillo Jan. 2, 2004, no pet.) (mem. op.).

Removal actions prevent a trustee "from engaging in further behavior that could potentially harm the trust." *Ditta v. Conte*, 298 S.W.3d 187, 192 (Tex. 2009). "Any prior breaches or conflicts

---

[3] Because we do not rely on the Pipkin letter in our analysis, we do not address Santiago's second issue challenging the admissibility of that letter.

on the part of the trustee indicate that the trustee could repeat her behavior and harm the trust in the future." *Id*. "At the very least, such prior conduct might lead a court to conclude that the special relationship of trust and confidence remains compromised." *Id*.

**B.      Evidence**

Sonia, Victor, and Javier attached numerous exhibits to their response and supplemental response establishing by clear and specific evidence that Santiago's hostile actions were impeding the proper performance of the Trust. As previously noted, the trust agreement required any action on behalf of the Trust to be approved by three of the four co-trustees. The evidence included an email from Victor to the Trust's former accountants with copies to Sonia and Javier stating the letter Santiago sent to the Texas State Board of Public Accountancy on behalf of the Trust "was not reviewed, approved or authorized by any of the [other] co-trustees." Victor noted the invoice Santiago was questioning in the letter was approved for payment by three of the four co-trustees, and the Trust was "in complete agreement with the fees" charged for the services. Finally, Victor offered any assistance necessary to clarify any questions with regard to Santiago's "unauthorized unilateral action." Another email from Victor to two of the Trust's attorneys on which the other co-trustees were copied requested that the attorneys immediately inform the representative of Chesapeake "that whatever Santiago wants to discuss with Chesapeake does not represent the unanimity and consensus of 3 of the 4" co-trustees.

The evidence also included an email from Santiago sent to four individuals, including two of the Trust beneficiaries. The two Trust beneficiaries were Dahlia R. Lopez and Amado Ramirez Jr., who is a trustee of the Ramirez-Uribe Mineral Trust which is a Trust beneficiary. Amado Ramirez Jr. was also one of the original co-trustees of the Trust.

The subject line of Santiago's email referred to Trust "conflicts, concealment, [and] corruption," and the email stated Santiago's intention to "share concerns with next of kin, original

trustor, and interested professionals." The email referred to Sonia's "conflicted incapacity" and stated Sonia's husband "lies, cheats, and steals from their locked home-vault." The email also referred to "corrupted practices" and "nonexistent transparency."

The evidence further included an email from Amado to Santiago and the other co-trustees with a copy to Dahlia. The subject line of the email referred to "Hilcorp Energy Royalties" and the Trust's Zapata County Wells. The email stated Santiago had "'poisoned the well' by his destructive behavior" and acknowledged Santiago was unable to work with the other co-trustees or the professionals engaged by the Trust. Another email from Amado to Santiago with copies to the other co-trustees and Dahlia stated Santiago was "clearly sabotaging the operations of the [Trust]" and no longer acting in the best interest of the Trust, but, instead, Santiago was "following [his] own disruptive agenda." In another email to Santiago with copies to the other co-trustees and Dahlia, Amado asked Santiago who authorized him to "single-handedly negotiate with Chesapeake and push [his] own personal agenda on all these important matters." The email further stated Santiago was "not acting like a Trustee " and was "negatively affecting everyone's interest."

Finally, the evidence included a letter Santiago wrote to a third party referencing a consent to assign two oil and gas leases and referring to the third party's "negotiations with Hilcorp." In the letter, Santiago refers to dysfunction in the family which "most likely will cause [the Trust's] dissolution by late 2014" and encourages the third party to "consult the 'null and void' clause found in Trust Agreement Section Five."

## C.   Prima Facie Case Established

As previously noted, a trustee can be removed if his hostility or ill will affect his performance or the proper performance of the trust. *Akin*, 661 S.W.2d at 913; *Bergman*, 2004 WL 24968, at *1. We hold Sonia, Victor, and Javier presented clear and specific evidence of a prima face case that Santiago's hostility was impeding his performance as a co-trustee and the

performance of the Trust. Accordingly, Sonia, Victor, and Javier satisfied their burden of proof, and the motion to dismiss was properly denied.

### ATTORNEY'S FEES

If a trial court finds a motion to dismiss filed pursuant to the Act is frivolous or solely intended to delay, the court may award court costs and reasonable attorney's fees to the responding party. TEX. CIV. PRAC. & REM. CODE ANN. § 27.009(b). Because the motion in the instant case was overruled by operation of law, the trial court did not determine whether the motion was frivolous or solely intended to delay. Sonia, Victor, and Javier request that we remand the cause to the trial court for the trial court to determine whether they should be awarded court costs and attorney's fees. Because the statute permits such an award in the trial court's discretion, but the trial court allowed the order to be overruled by operation of law, we hold such a remand is appropriate in the interest of justice. *Cf. Smith Robertson, L.L.P. v. Hamlin*, No. 03-18-00754-CV, 2019 WL 3023304, at *3 (Tex. App.—Austin July 11, 2019, pet. denied) (mem. op.) (remanding issue of attorney's fees award under section 27.009(a) where motion was overruled by operation of law).

### CONCLUSION

Because Sonia, Victor, and Javier met their burden to establish by clear and specific evidence a prima facie case in support of their removal claim, Santiago's motion to dismiss pursuant to the Act was properly denied by operation of law. We remand the cause to the trial court to determine whether Sonia, Victor, and Javier should be awarded court costs and reasonable attorney's fees.

Patricia O. Alvarez, Justice