**AFFIRMED and Opinion Filed December 3, 2020**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-19-01505-CV**

**IN THE MATTER OF THE RUFF MANAGEMENT TRUST**

**On Appeal from the Probate Court No. 1**
**Dallas County, Texas**
**Trial Court Cause No. PR-14-03113-1**

## MEMORANDUM OPINION

Before Justices Whitehill, Pedersen, III, and Reichek
Opinion by Justice Whitehill

This case involves a court-ordered trust modification. Appellants Tracy Ruff Bakshi, Mark Ryan Ruff, and Kelly Frazier Ruff (the Children) argue that the trial court's trust modification is an abuse of discretion and reversible error because: (i) the evidence is legally insufficient to support the modification and the modification is contrary to the trust's purpose, and (ii) the order was signed without affording them a jury trial.

We conclude that the modification caused appellants no harm if it was error, and it is not inconsistent with the settlor's intent. Thus, there is no reversible error.

And assuming the Children were entitled to a jury trial on the modification issue, they lost that right by not objecting before witnesses began testifying.

Accordingly, we affirm the trial court's order.

## I. BACKGROUND

Suzann Ruff and her son Mike created the Ruff Management Trust (the Trust) in 2007. Suzann is the Trust's settlor and primary beneficiary; and her five children, including Mike, are remainder beneficiaries.[1] The Children and Mike are also designated "trust protectors."

Mike initially served as trustee but later resigned, after which Frost Bank was the trustee until it resigned effective May 30, 2019.

According to the Trust's terms, if a trustee ceases to act and a successor trustee is not appointed, the Children are appointed co-trustees. Thus, when Frost resigned as of May 30th, the Children became co-trustees.[2]

On January 31, 2019, Suzann moved to modify the Trust, which the trial court denied. Suzann subsequently filed a second motion, seeking to modify or terminate

---

[1] When Suzann dies, the Trust is to be divided into separate trusts for each of her five children. But those trusts terminate when each child reaches the age of thirty, and then he or she is given that trust's estate. All five children are over thirty years old. Therefore, when Suzann dies, the Trust will be divided equally among them.

[2] On May 31st, Frost filed an interpleader petition tendering the Trust assets to the court. Suzann argues that when this occurred, the court, rather than the Children controlled the Trust assets, and because the Children did not possess the Trust property, could not properly act as trustees. Suzann further argues that the Children improperly designated themselves co-trustees. However, neither the operation of Trust § 6.2(B) making the Children co-trustees or the Children's actions thereafter are before us, because as discussed herein, the order at issue does not remove the Children as co-trustees.

the Trust, or alternatively, to appoint a new trustee. The Children opposed that motion.

The court vacated its order denying Suzann's first modification motion and conducted a hearing on the second modification motion.

Suzann and one child, Kelly, testified at the hearing and the trial court admitted this evidence: (i) the Trust documents; (ii) a final judgement against Mike confirming an arbitration award against him for breaching his fiduciary duty to Suzann, committing fraud and conversion, and misapplying fiduciary property; and (iii) a bankruptcy petition the Children filed seeking to place the Trust in bankruptcy.

When the hearing concluded, the judge asked the parties to submit additional briefing on the parties' positions. After the parties complied, the judge signed an order modifying the Trust. That order is the subject of this appeal.

## II. ANALYSIS

### A. First Issue: Is the evidence sufficient to support the modification order?

We do not reach the substance of this issue because, assuming the Children's argument were correct, they have not shown any resulting harm to themselves.

The Children argue that the evidence is legally insufficient to meet the statutory requirements for trust modification and the modification "negates the proper purposes underlying the Trust," which they contend includes third-party supervision of Trust assets, lifetime support for Suzann, and remainder benefits for the Children. Suzann responds that the evidence adduced at the hearing, together

with the court's judicial notice of the court's entire file supports the modification, which is consistent with the Trust's purpose(s).

The property code proscribes the court's authority to modify a trust:

(a) On the petition of a trustee or a beneficiary, a court may order that the trustee be changed, that the terms of the trust be modified, that the trustee be directed or permitted to do acts that are not authorized or that are forbidden by the terms of the trust, that the trustee be prohibited from performing acts required by the terms of the trust, or that the trust be terminated in whole or in part, if:

(1) the purposes of the trust have been fulfilled or have become illegal or impossible to fulfill;

(2) because of circumstances not known to or anticipated by the settlor, the order will further the purposes of the trust;

(3) modification of administrative, nondispositive terms of the trust is necessary or appropriate to prevent waste or impairment of the trust's administration;

(4) the order is necessary or appropriate to achieve the settlor's tax objectives or to qualify a distributee for governmental benefits and is not contrary to the settlor's intentions; or

(5) subject to Subsection (d):

(A) continuance of the trust is not necessary to achieve any material purpose of the trust; or

(B) the order is not consistent with a material purpose of the trust.

TEX. PROP. CODE § 112.054.

Thus, trust modifications are within the trial court's discretion. TEX. PROP. CODE § 112.054(b); *see also In re Willa Peters Hubberd Testamentary Trust*, 432 S.W.3d 358, 365 (Tex. App.—San Antonio 2014, no pet.). And, as the statute provides, a court can and should consider circumstances and events after a trust's

creation that the settlor did not anticipate. *Peters*, 432 S.W.2d at 367; § 112.054(a)(2).

We begin with the Trust agreement's terms, read in conjunction with the court's order.

Suzann, as settlor, requested modification to eliminate the requirement that she act jointly with Mike to appoint a successor trustee, and instead, allow her to appoint a trustee on her own. The modification motion described Suzann's historical struggle to gain control of her money and property from Mike and informed the court that circumstances had changed since the Trust's inception. Suzann referenced the arbitration in which she and principally Mike arbitrated claims against each other concerning the Trust. The arbitrators found that Mike committed fraud, awarded Suzann approximately $67 million, and imposed a constructive trust on certain assets. According to Suzann, years of litigation with Mike and "his aligned siblings" were designed to deplete the Trust and pressure and coerce Suzann.

The motion further states that Mike and the Children's conduct dramatically curtailed Suzann's lifestyle over the past ten years and allegedly depleted the Trust's assets. For these and other reasons, Suzann urged that Mike should not be involved in selecting a new trustee.

Prior to the court's modification, Trust § 6.2 provided:

6.2 <u>Succession.</u>

A. <u>Settlor and Michael Arthur Ruff Appoints</u>. Settlor and MICHAEL ARTHUR RUFF, acting jointly, or if Settlor is deceased or

incapacitated, MICHAEL ARTHUR RUFF, acting alone, may, at any time, appoint one or more Co-Trustees, a successor Trustee, or a succession of successor Trustees, to act either immediately or in the future upon any stated contingency, and may thereby supersede or supplement the provisions contained in this section.[3]

Thus, when Frost resigned, Suzann and Mike could have agreed to name a successor trustee to assume the trustee's duties. But they did not do so.

The Trust agreement, however, provides a solution should this event occur. Specifically, § 6.2B provides:

B. Appointment of Successor Trustee.

If MICHAEL ARTHUR RUFF ceases to act as a Trustee of any trust created hereunder and if either (a) no Trustee is appointed as provided in Subsection A above or (b) all the Trustees appointed in Subsection A above fail or cease to act as Trustee of any trust created hereunder, [the Children] are appointed Co-Trustees. If any of [the Children] fails or ceases to serve, the others or other of them shall serve as Co-Trustees, or sole Trustee, as the case may be.

Suzann and Mike did not agree on a new trustee. Thus, when Frost's resignation became effective on May 30th, under the Trust's terms, the Children became the co-trustees. From that point forward, the Children were the lawful successor trustees until their death, resignation, or removal. There is no evidence that any of the Children have died or resigned. The question then becomes whether the court's order removes them as successor trustees. It doesn't.

---

[3] Mike resigned his trustee position years earlier, but he still remained a trust advisor for purposes of this section.

The Trust Code allows removing trustees for several reasons, including if "the court finds other reason for removal." *See* TEX. PROP. CODE § 113.082(a) (1)-(4); *see also Akin v. Dahl*, 661 S.W.2d 911, 913 (Tex. 1983). But here the order merely recognizes Suzann's right to seek court approved removal of the co-trustees:

> . . . the Trust be and hereby is modified to authorize Suzann Ruff to appoint herself or a third party to serve as trustee of the Trust subject to court approval.

Thus, contrary to the Children's argument, the order does not remove them as successor co-trustees. Instead, it says only that subject to court approval Suzann *can* replace or remove them, a right she already had under Property Code § 113.082(a) (1)-(4). In essence, the only thing the order does is remove Mike from the § 6.2A equation and substitute the trial court in his place.

Therefore, as a practical matter, the order does not affect the Children's rights. Under the Trust agreement's express terms, the Children became co-trustees when Frost resigned, and the complained-of order does not remove them. Although Suzann may seek court approval to have the Children removed, she has not done so. In short, the only person whose rights are affected by this order is Mike, and he is not a party to this appeal.

Accordingly, under these circumstances, we need not review the sufficiency of the evidence to support the order because, even if the trial court erred, the Children

have suffered no harm.[4]  *See* TEX. R. APP. P. 44.1; *see also G&H Towing Co. v. Magee*, 347 S.W.3d 293, 297 (Tex. 2011).

We resolve the Children's first issue against them.

## B.  Second Issue:  Is the modification inconsistent with the Trust's purpose?

The Children also argue that the trial court erred because the court's modification is contrary to the Trust's purpose(s).  We disagree because the order still provides trusted third-party involvement concerning Suzann's § 6.2A decisions.

None of the parties have argued that the Trust terms are ambiguous, nor do we see any ambiguities in the Trust sections at issue.  We therefore ascertain the Trust's intent by construing the language used within the agreement's four corners. *See Frost Nat'l Bank of San Antonio v Newton*, 555 S.W.2d 149, 153 (Tex. 1977).

Suzann is the Trust's settlor, and the Trust agreement states that all Trust property is her separate property and estate.

The Trust agreement further provides that "[t]he Trustee shall distribute to Settlor so much of the net income and principal of the trust estate as the Trustee determines for Settlor's Needs or Best Interests."  "Needs" are defined to include "health, support maintenance and education."  But "Best Interests" are as the trustee "deems advisable."

---

[4] Moreover, the evidence of the arbitration and subsequent judgment against Mike concerning his defrauding the Trust is sufficient to support the trial court's order modifying § 6.2(A) to remove Mike from decisions concerning trustee appointment.

–8–

The Children argue that the modification is contrary to the Trust's terms because it leaves Suzann "unassisted and unchecked relative to her expenditure of the Trust's dwindling assets," terminated the remainder beneficiaries' rights, and removed the Children as co-trustees. We disagree.

As previously discussed, the order at issue does not remove the Children as co-trustees. Likewise, it does not appoint Suzann trustee, or affect how the trustees makes distributions. The only Trust term affected by the order is who may participate in decisions concerning the appointment of a new trustee.

Before modification, § 6.2 (A) required Suzann and Mike to act jointly to appoint a new trustee. This reflects the Trust's intent that someone join Suzann in this decision to ensure that the Trust's purpose and all beneficiaries are served. That person was Mike.

The modification, however, simply substitutes the trial court for Mike by requiring Suzann to seek court approval for § 6.2 (A) decisions. Accordingly, because an objective third party is still participating in Suzann's decisions, the modification is consistent with the Trust's intent.

We thus resolve the Children's second issue against them.

**C.      Third Issue:  Were the Children deprived of their right to a jury trial?**

No, because they did not timely object to proceeding before the trial court.

Before the September 17th hearing, the Children filed two jury demands; one on the modification issue and another on the removal issue. Both demands relied on TEX. EST. CODE § 55.002, which provides:

> In a contested probate or mental illness proceeding in probate court, a party is entitled to a jury trial as in other civil proceedings.

The Children argue that the trial court abused its discretion and violated their open courts, due process, and jury trial rights by conducting the September 17th modification hearing without a jury. Suzann responds that there was no error because the hearing was not a probate or mental illness proceeding as contemplated by the statute.

But we need not decide this issue because, even if the trial court erred, the issue was not preserved for our review. *See* TEX. R. APP. P. 33.1. Specifically, the right to a jury trial "is inviolate and one of the greatest rights guaranteed by out Texas and United States Constitutions." *Grocers Supply, Inc. v. Cabello,* 390 S.W.3d 707 728–29 (Tex. App.—Dallas 2012, no pet.). But the right is not self-executing, and even after the right is properly invoked, a party must act affirmatively to preserve a complaint concerning the right's denial. *See Sunwest Reliance Acquisitions Grp., Inc. v. Provident Nat. Assur. Co.,* 875 S.W.2d 385, 387 (Tex. App.—Dallas 1993, no writ).

Thus, to preserve error, a party who has properly perfected its jury trial right must either object on the record if the trial court proceeds without a jury or otherwise affirmatively indicate that it intends to stand on its perfected jury trial right. *See*

–10–

*Skleton v. Auction Prop. Fund I, LLC*, No. 05-14-00813-CV, 2015 WL 3898242, at *1 (Tex. App. —Dallas June 25, 2015, no pet.) (mem. op.) (citations omitted). Failure to do so waives the right to complain about the error on appeal. *See Grocers Supply,* 390 S.W.3d at 729–30.

Here, the Children participated in the modification hearing without objecting or otherwise indicating that they planned to stand on their jury demands. Indeed, the only jury demand mention occurred at the hearing's conclusion—after evidence was admitted and all witnesses testified and then only pertained to the jury demand on the trustee removal issue when the Children's counsel told the court:

> Okay. There's two matters theoretically before the Court: Modification of the Trust and removal of them as Trustee. I tendered to the Court our jury demand for removal of the Trustee. The El Paso Court of Appeals was held that the Court must give us a jury trial on any question of fact. As far as modification goes, **it would be ludicrous to suggest to the Court that you couldn't judicially modify the Trust**. However, the Trust Code, the restatement of third says you can only do so in very, very, very limited circumstances.

(Emphasis added).

Under these circumstances, we conclude that the issue concerning the right to a jury trial on modification was not preserved, and we resolve the Children's third issue against them.

## III. CONCLUSION

Having resolved all the Children's issue against them, we affirm the trial court's order.

/Bill Whitehill/
BILL WHITEHILL
JUSTICE

191505F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE MATTER OF THE RUFF
MANAGEMENT TRUST,

No. 05-19-01505-CV

On Appeal from the Probate Court
No. 1, Dallas County, Texas
Trial Court Cause No. PR-14-03113-
1.
Opinion delivered by Justice
Whitehill. Justices Pedersen, III and
Reichek participating.

In accordance with this Court's opinion of this date, the trial court's order is **AFFIRMED**.

It is **ORDERED** that appellee SUZANN RUFF recover her costs of this appeal from appellants.

Judgment entered this 3rd day of December 2020.